722 F.2d 496
 REDDING FORD, a corporation, Plaintiff-Appellant,
v.
CALIFORNIA STATE BOARD OF EQUALIZATION, an agency of the
State of California, George R. Reilly, Ernest J.
Dronnenburg, Jr., William M. Bennett,
Richard Nevis, and Kenneth
Cory, Defendants-Appellees.
 No. 83-1799.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 18, 1983.
Decided Dec. 16, 1983.
 
 William Scott, Palo Alto, Cal., for plaintiff-appellant.
 Calvin J. Abe, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.
 On appeal from the United States District Court for the Northern District of California.
 Before DUNIWAY, TIMBERS,* and SKOPIL, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 Redding Ford appeals the dismissal of its action for declaratory and injunctive relief from the collection of state taxes. The district court dismissed for lack of subject matter jurisdiction. On appeal, Redding Ford argues that (1) the Tax Injunction Act, 28 U.S.C. Sec. 1341, did not bar jurisdiction or (2) the federal court had ancillary jurisdiction to hear the case. We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 As part of its business, Redding Ford leased new motor vehicles to the federal government. Appellees, members of the state Board of Equalization, determined that Redding Ford owed sales and use taxes on the lease agreements. Redding Ford unsuccessfully argued to the Board that the assessment constituted a tax on an instrumentality of the United States and accordingly violated the constitutional intergovernmental immunity against such taxation.
 
 
 3
 Redding Ford did not pursue additional remedies under state law which provide for payment of the disputed taxes followed by a claim for refund, Cal.Rev. & T.C. Secs. 6901-6908, or a suit for refund in state court, Cal.Rev. & T.C. Secs. 6931-6937. Instead, Redding Ford filed suit in federal district court alleging that it did not have sufficient assets to prepay the tax assessment and seek a refund.
 
 DISCUSSION
 A. Standard of Review
 
 4
 A dismissal based on lack of subject matter jurisdiction is freely reviewable on appeal. Societe de Conditionnement v. Hunter Engineering, 655 F.2d 938, 941-42 (9th Cir.1981).
 
 B. Tax Injunction Act
 
 5
 The Tax Injunction Act, 28 U.S.C. Sec. 1341, provides that district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Redding Ford argues that it has no "plain, speedy and efficient" remedy under state law and therefore federal jurisdiction is not precluded. Specifically, it claims that California's prepay refund requirement, Cal. Constitution, Art. XIII, Sec. 32 and Cal.Rev. & T.C. Secs. 6901-08; 6931-37, prevents state relief since Redding Ford does not have sufficient assets to pay the assessments.
 
 
 6
 In Wood v. Sargeant, 694 F.2d 1159, 1160 (9th Cir.1982), we reviewed the "plain, speedy and efficient" exception and held that a demonstrated inability to pay a tax does not avoid the jurisdictional bar of section 1341. The dictum in Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1114 n. 20. (9th Cir.), cert. denied, 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 655 (1982) does not compel a different result. Furthermore, Wood did not improperly extend California v. Grace Brethren Church, 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982) or Rosewell v. LaSalle National Bank, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). In both cases, the Court recognized that Congress intended to prevent federal court interference with the assessment and collection of state taxes. Grace Brethren, 457 U.S. at 411, 102 S.Ct. at 2509; Rosewell, 450 U.S. at 522-23, 101 S.Ct. at 1233-34. The Court refused to read expansively what Congress intended to be a narrow exception. Rosewell, 450 U.S. at 524, 101 S.Ct. at 1235. We applied this same reasoning in Wood, 694 F.2d at 1160-61. We are bound by Wood. See LeVick v. Skaggs Companies, Inc., 701 F.2d 777, 778 (9th Cir.1983) (unless there is intervening Supreme Court authority or en banc review, the holding of a prior panel is controlling authority).
 
 C. Ancillary Jurisdiction
 
 7
 Redding Ford argues that the lower court had jurisdiction independent of section 1341. It contends such jurisdiction is ancillary and is derived from the lower court's prior judgment in United States v. California State Board of Equalization, No. 79-03359-R (C.D.Cal.1979), aff'd in part, vac'd in part, 650 F.2d 1127 (9th Cir.1981), aff'd, 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1982) (table). We find no basis for ancillary jurisdiction. Such jurisdiction typically involves claims by a defending party brought into court against its will, or by another person whose rights might be irretrievably lost unless she could insert them in an ongoing federal action. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). Ancillary jurisdiction cannot be extended beyond the claims asserted in one action. E.g., Fidelity & Cas. Co. v. Reserve Insurance Co., 596 F.2d 914, 918 (9th Cir.1979).
 
 
 8
 Redding Ford argues that the district court had the authority to enforce its prior decree enjoining the collection of a tax against the United States. That action was brought by the United States which, unlike Redding Ford, is not bound by the jurisdictional limitation of section 1341. Department of Employment v. United States, 385 U.S. 355, 358, 87 S.Ct. 464, 466, 17 L.Ed.2d 414 (1966). Redding Ford argues that there is an "identity of interest" between it and the United States sufficient to allow Redding Ford to assert the federal interest in federal court. We rejected that argument in Housing Authority v. Washington, 629 F.2d 1307, 1310-11 (9th Cir.1980). There, a local housing authority, whose funding and general policy were provided by the United States, sought to enjoin the collection of taxes and to obtain a refund of taxes paid. The taxes had been previously declared unconstitutional by the same district court. United States v. State of Washington, No. C77-355V (W.D.Wash.1977), aff'd, 654 F.2d 570 (9th Cir.1981), rev'd, --- U.S. ----, 103 S.Ct. 1344, 75 L.Ed.2d 264 (1983). The lower court found the housing authority to be a federal instrumentality. The court ordered affirmative relief. We reversed, holding that joinder of the United States was necessary before a federal instrumentality could overcome section 1341. Housing Authority, 629 F.2d at 1311. We based our holding on "the strong policy of noninterference with state taxation procedures codified by Sec. 1341, and upon the rationale ... that the basis of the federal instrumentality doctrine is the presence of the United States as a party." Id.
 
 
 9
 Finally, Redding Ford relies on Dickey v. Turner, 49 F.2d 998 (6th Cir.1931). Dickey involved an alleged fraud on the courts and a second action that included the same parties. Redding Ford's action is by a different plaintiff and involves a different tax than was litigated in the prior action. Furthermore, unlike Dickey, we are faced with a statute that specifically prohibits federal jurisdiction. See Kelly v. Springett, 527 F.2d 1090, 1094 (9th Cir.1975) (suits brought under an independent jurisdictional statute such as 42 U.S.C. Sec. 1983 are still subject to the proscription of section 1341).
 
 CONCLUSION
 
 10
 The Tax Injunction Act, 28 U.S.C. Sec. 1341, bars jurisdiction since Redding Ford has a "plain, speedy and efficient" state remedy. No other basis for jurisdiction exists.
 
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable William H. Timbers, United States Circuit Judge for the Second Circuit, sitting by designation