**AIR POLYNESIA, INC. d/b/a Dhl Cargo, Plaintiff-Appellant,**

v.

**George FREITAS, Director of Taxation, State of Hawaii, Defendant-Appellee.**

No. 83–2250.

United States Court of Appeals, Ninth Circuit.

Argued June 14, 1984.

Submitted June 28, 1984.

Decided Sept. 11, 1984.

Peter J. Donnici, Donnici & Lupo, San Francisco, Cal., for plaintiff-appellant.

Lawrence D. Kumabe, Honolulu, Hawaii, for defendant-appellee.

Before HUG, TANG, and FARRIS, Circuit Judges.

HUG, Circuit Judge:

Air Polynesia, Inc. sought a preliminary injunction to prevent the State of Hawaii from collecting a public service tax authorized by Hawaii Rev.Stat. § 239–6. It claimed imposition of the tax on its gross receipts from carriage of air freight violated the supremacy, due process, and commerce clauses. The district court held that the Tax Injunction Act, 28 U.S.C. § 1341, deprived it of subject matter jurisdiction. We affirm.

Air Polynesia provides air freight of property and mail between the Hawaiian Islands. Under Hawaii Rev.Stat. § 239–6, the State assessed a public service tax against the airline in the amount of four percent of its gross revenues. Air Polynesia and other airlines challenged the tax, claiming state taxation of airlines was preempted by 49 U.S.C. § 1513. Section (a) of that statute provides in part:

No State ... shall levy or collect a tax, fee, head charge, or other charge, directly or indirectly, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or on the gross receipts deprived therefrom....

Pending resolution of the airlines' dispute, Air Polynesia did not pay the gross receipts tax for the period 1977–1982. During this period two other inter-island carriers, Aloha Airlines and Hawaiian Airlines, filed state court suits claiming section 239–6 violated the supremacy clause and the commerce clause. The Hawaii Supreme Court rejected their claims that the state tax was unconstitutional. *See Matter of Aloha Airlines, Inc.*, 65 Haw. 1, 647 P.2d 263 (Hawaii 1982). The airlines appealed this decision, and the Supreme Court noted probable jurisdiction. 459 U.S. 1109, 103 S.Ct. 721, 74 L.Ed.2d 948 (1983). Meanwhile, relying on the state court decision, the State Department of Taxation began auditing Air Polynesia to determine amounts due under section 239–6 for the years 1977–82. Air Polynesia cooperated in the audit. The Department concluded it owed the State approximately $900,000, and final tax assessments to that effect were sent on May 17, 1983. Subsequently, the State filed liens on Air Polynesia's equipment in the amount of the assessments.

On July 20, 1983, Air Polynesia filed the instant action, claiming section 239–6 was unconstitutional. On the same date, it sought and received a temporary restraining order that barred the State from foreclosing on its tax liens. Following a hearing, however, the district court denied Air Polynesia's request for a preliminary injunction. The court held that the Tax Injunction Act barred an injunction of the tax collection proceedings.

Immediately following the denial of the preliminary injunction, Air Polynesia filed an action in the state tax appeal court. It claimed that the State had given it inadequate notice of the assessments, that the tax was prohibited by 49 U.S.C. § 1513(a),

and that the tax was unconstitutional. The parties agreed to stay proceedings in the state action pending the Supreme Court's decision in *Aloha Airlines.* That decision was subsequently announced and reversed the state supreme court's approval of section 239–6, holding that 49 U.S.C. § 1513(a) preempted application of the gross receipts tax to Aloha and Hawaiian Airlines. *Aloha Airlines, Inc. v. Director of Taxation,* —— U.S. ——, 104 S.Ct. 291, 78 L.Ed.2d 10 (1983). Air Polynesia's state court action is still pending.

■ The Tax Injunction Act provides as follows:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. Where the Act applies, the district court lacks subject matter jurisdiction. *See Redding Ford v. California State Board of Equalization,* 722 F.2d 496, 497 (9th Cir.1983). The Act bars both injunctive and declaratory relief. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2508, 73 L.Ed.2d 93, 106 (1982). The district court's determination that the Tax Injunction Act bars relief is reviewable de novo. *Redding Ford,* 722 F.2d at 497.

■ The key question here is whether Air Polynesia has a "plain, speedy and efficient remedy" in the Hawaiian courts. That exception to the Tax Injunction Act's restriction of our jurisdiction must be construed narrowly. *Grace Brethren Church,* 457 U.S. at 413, 102 S.Ct. at 2510, 73 L.Ed.2d at 109. The state court remedy is adequate if it "meets certain minimal *procedural* criteria." *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 512, 101 S.Ct. 1221, 1228, 67 L.Ed.2d 464, 473 (1981) (emphasis in original). In particular, the state must provide the taxpayer with a full hearing at which constitutional challenges to the tax may be raised. *Grace Brethren Church,* 457 U.S. at 411, 102 S.Ct. at 2509,

73 L.Ed.2d at 108; *Rosewell,* 450 U.S. at 514, 101 S.Ct. at 1229, 67 L.Ed.2d at 474.

■ Hawaii provides two statutory schemes whereby taxpayers may challenge tax assessments. The first is set out in Hawaii Rev.Stat. § 235–114. It allows the taxpayer to challenge the assessment without making prior payment of amounts due by filing a notice of appeal with the tax appeal court within thirty days of the mailing of the assessment notice.

Air Polynesia brought its pending state court action under section 235–114. However, it predicts that action will be dismissed for lack of jurisdiction. It contends errors by the Department of Taxation in addressing and mailing the notices prevented or delayed their delivery, so that the action was not filed within thirty days of the mailing of the notices. It further contends its negotiations with the Department led it to believe no assessments would be sent pending the Supreme Court's decision in *Aloha Airlines.*

Air Polynesia contends this jurisdictional problem renders relief under section 235–114 uncertain. However, the notice problem does not dictate the conclusion that the statutory scheme is procedurally inadequate. The tax appeal court is authorized by state statute "to decide all questions of fact and all questions of law, including constitutional questions." Hawaii Rev. Stat. § 232–11. Because of this broad authority, Air Polynesia was able to raise all of its constitutional claims in its notice of appeal to the tax appeal court. It was also able to argue, as both a factual and a constitutional matter, that it was deprived of timely notice of the assessments. The state court can provide a full and fair hearing on these claims, and the minimal procedural requirements imposed by *Rosewell* are therefore satisfied. The fact that the State has vigorously argued that the tax appeal court lacks jurisdiction does not alter this conclusion, for a determination that Air Polynesia failed to comply with procedural requirements will not mean fair procedures do not exist.

Moreover, if the tax appeal court dismisses for lack of jurisdiction, Air Polynesia will have resort to the remedy provided by Hawaii Rev.Stat. § 40–35. That statute permits the taxpayer to pay the assessment and then bring a refund action. Air Polynesia acknowledges this remedy but contends section 40–35 does not create a "plain, speedy and efficient" remedy in view of the amount of the assessment. It claims it lacks the resources to pay the required $900,000 and will be forced out of business.

We have held that a demonstrated inability to pay a tax does not remove the jurisdictional bar of the Tax Injunction Act. *Redding Ford,* 722 F.2d at 497; *Wood v. Sargeant,* 694 F.2d 1159, 1161 (9th Cir. 1982). Air Polynesia seeks to avoid this rule by emphasizing the uniqueness of its challenge to the gross receipts tax. It labels wholly unjustifiable the requirement that it pay a tax already held unconstitutional by the Supreme Court. We express no opinion as to Air Polynesia's constitutional claims. We observe, however, that questions remain as to the application of the *Aloha Airlines* decision to airlines engaged in air freight rather than passenger service. Those questions must be resolved before the constitutionality of the assessments against Air Polynesia can be determined. Under *Redding Ford* and *Wood,* we cannot invoke the size of the assessments as authority to pass on the application of *Aloha Airlines.* That determination must be made by the state courts.

We also note that the claimed inequities are not as extreme as Air Polynesia insists. The State advises us that Air Polynesia can meet the jurisdictional requirements of section 40–35 by paying the assessment for any one disputed year. The State also assures us that while Air Polynesia's state tax appeal or refund action is pending, it will not foreclose on its liens on the taxpayer's equipment. Since the assessments for some tax years are comparatively small, the prepayment requirement is not onerous.

The Hawaiian statutes provide avenues for a full and fair consideration of Air Polynesia's challenge to the gross receipts tax. The Tax Injunction Act therefore deprives the federal courts of jurisdiction, and the decision of the district court is AFFIRMED.