Larry J. ADAMS, et al.,
Plaintiffs-Appellants,

v.

STATE OF INDIANA, et al.,
Defendants-Appellees.

No. 85–3212.

United States Court of Appeals,
Seventh Circuit.

Argued June 5, 1986.

Decided July 3, 1986.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, Ind., for plaintiffs-appellants.

James R. Green, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Indiana assessed more than $300,000 in motor fuel taxes against American Truck Stops of Indiana, Inc., and more than $96,000 in taxes against Larry Adams, one of its shareholders. Adams, American Truck Stops, a related Michigan corporation, and two other shareholders of both corporations filed this action under 42 U.S.C. § 1983. They want an injunction against the collection of the taxes, contending that Indiana assessed them without either legal basis or adequate process. Plaintiffs say that they transferred the fuel to the Michigan corporation and maintain that this made it exempt from taxes in Indiana. Their theory is that Jack Hanna, an investigator for Indiana's Motor Fuel Tax Division, caused the taxes to be assessed in retaliation for plaintiffs' decision not to cooperate in Hanna's criminal investigation of third parties. Hanna's conduct and the state's administrative procedures, plaintiffs insist, deprived them of property without due process of law. They want an injunction against the collection of the taxes and damages against Hanna.

One obstacle to relief is the eleventh amendment. The plaintiffs sued not only Hanna and two other state officials personally but also the State of Indiana and the Indiana Department of Revenue. This is impermissible. *Cory v. White*, 457 U.S. 85, 90–91, 102 S.Ct. 2325, 2328–29, 72 L.Ed.2d 694 (1982); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 114 (1978). The suit against the State and the Department must be dismissed, although the eleventh amendment does not preclude this action against the officials. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Another obstacle is the Tax Injunction Act, 28 U.S.C. § 1341, which provides that a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Indiana, like many other states, requires those who dispute an assessment of taxes to pay the money and sue for a refund. Ind. Code § 6–6–2.1–1105. A suit seeking a refund is a "plain, speedy and efficient remedy" within the meaning of § 1341. *Great Lakes Dredge & Dry Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981).

The plaintiffs tried to avoid *Great Lakes* by arguing that they do not have enough money to pay the full assessments, making them unable to use Indiana's remedy. The district court held that this does not matter and dismissed the complaint for failure to state a claim on which relief may be granted. 622 F.Supp. 1478 (N.D.Ind.1985). (No Indiana court has considered whether a person may pay part of the assessment and sue for its refund, thus obtaining a legal decision that would cover the whole sum. We do not do so either.) Although *28 East Jackson Enterprises, Inc. v. Cullerton*,

523 F.2d 439, 441 & n. 4 (7th Cir.1975), *cert. denied*, 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976), suggests that a state's remedy is "plain, speedy and efficient" only if it is realistically available to the particular plaintiff—and a refund remedy is not available to a plaintiff who cannot pay up front—the district court thought that this suggestion had been superseded by *Rosewell*, which holds that "plain, speedy and efficient" refers to the procedures used to obtain the remedy and not to its practicality in a given case. 622 F.Supp. at 1482–84. The district court observed that after *Rosewell* the Ninth Circuit has repeatedly found state refund suits "plain, speedy and efficient" remedies despite litigants' inability to pay the sums assessed. E.g., *Air Polynesia, Inc. v. Freitas*, 742 F.2d 546, 548 (9th Cir.1984). The district court followed the Ninth Circuit. It should not have decided this issue, however.

A person who cannot pay outstanding claims against him is insolvent, bankrupt, or both. Anyone who seeks to avoid § 1341 on grounds of inability to pay may well have a remedy that makes an injunction unnecessary. Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), provides that a petition in bankruptcy "operates as a stay, applicable to all entities," of many proceedings relating to claims against the debtor that arose before the commencement of the bankruptcy case. This automatic stay covers administrative proceedings (§ 362(a)(1)), "any act to obtain possession of property of the estate" (§ 362(a)(3)), and in general "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title" (§ 362(a)(6)). Section 362(b) lists some exceptions, but none applies to the collection of state taxes. A state claiming that a bankrupt owes pre-filing taxes therefore must desist from efforts to collect and present its contention as a claim in the bankruptcy proceeding. *In re Nashville White Trucks, Inc.*, 731 F.2d 376 (6th Cir. 1984). The bankruptcy court may determine the validity of the claim, 11 U.S.C. § 505(a), and award it the appropriate pri-

ority under 11 U.S.C. § 507(a)(7). See *In re Century Vault Co.*, 416 F.2d 1035, 1040–41 (3d Cir.1969); *In re Tapp*, 16 B.R. 315, 318–20 (Bankr. Alaska 1981); 3 *Collier on Bankruptcy* ¶ 505.04[1] (15th ed. 1979 & 1984 Supp.).

■ The appellants are bankrupt. American Truck Stops has gone out of business. The other appellants have filed petitions under the Bankruptcy Code in Indiana and Michigan. The complaint states that one reason why they cannot pay the taxes Indiana has assessed is that they have filed petitions in bankruptcy. These petitions invoked the automatic stay of § 362(a). The defendants concede, in a supplemental brief filed at our request, that as a result of the stay "the state of Indiana is for all purposes enjoined from attempting to collect the special fuel taxes it feels the plaintiffs owe in this case." Although American Truck Stops has not filed a petition in bankruptcy, § 362(a) protects the other plaintiffs as the repositories of its assets. The plaintiffs' request for an injunction under § 1983 therefore seeks a redundant remedy. Nothing turns on this request, which accordingly does not create a case or controversy within the meaning of Article III of the Constitution. The district court, which knew that the plaintiffs had filed petitions in bankruptcy, see 622 F.Supp. at 1481, should have dismissed the suit (to the extent it seeks an injunction) for want of a case or controversy without discussing the meaning of § 1341.

■ For a different reason, the request for damages against Hanna does not present a case or controversy. The district court thought that principles of comity bar an award of damages. See 622 F.Supp. at 1484–87, relying on *Fair Assessment in Real Estate Association v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). *Fair Assessment* reasoned that because § 1341 forbids injunctions it is equally inappropriate for a federal court to award damages based on its review of the amount of taxes levied and the procedures used to assess them. The adjudication of

such a request would interfere with the state's ability to determine the amount of state taxes due no less than would the adjudication of a request for an injunction. 454 U.S. at 110–15, 102 S.Ct. at 183–85. Because the bankruptcy courts may adjudicate the state's request for taxes under 11 U.S.C. § 505(a), the argument based on *Fair Assessment* is not dispositive. A federal court empowered to determine which state taxes are payable also is authorized at least to consider the request for damages, if Hanna indeed violated the plaintiffs' constitutional rights and if damages are otherwise available.

The request for damages nonetheless is unripe. The bankruptcy proceedings will resolve the question whether Adams and American Truck Stops owe the taxes Indiana has assessed. If the bankruptcy courts should agree with Indiana that the taxes were properly assessed, there would be no basis for damages. Only if the courts should rule the other way would it be necessary to determine whether some other ground bars the suit. Cf. *Cameron v. IRS*, 773 F.2d 126 (7th Cir.1985) (the many avenues for administrative review of tax assessments make it imprudent to create a right of action for damages against revenue officials). The district court should not jump the gun by considering possible defenses to a claim that may have no substance. If the court had before it both the claim and the defenses, it might logically reach the defenses first; this happens in many cases in which officials claim immunity. The disposition of the defense would avoid the need to consider another issue. Here, however, the disposition of any defenses Hanna may have could not avoid the need to decide in the bankruptcy cases whether the state is entitled to the taxes it demands, and an adjudication of Hanna's defenses therefore may turn out to be advisory. Only the courts hearing the bankruptcies could consider both the state's request for taxes and the bankrupts' request for damages. Any damages are assets of the estates, which suggests that these claims properly are adversary proceedings in the bankruptcies.

 This leaves only a claim, invoking the district court's pendent jurisdiction, seeking damages from Hanna on the ground that he interfered with plaintiffs' business relations. After the district court had dismissed the rest of the complaint for failure to state a claim, it dismissed the pendent claims in the exercise of its discretion. 622 F.Supp. at 1487–88. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc.*, 781 F.2d 604, 611–12 (7th Cir.1986). Because the district court lacked authority to decide the federal claims, dismissal of the state claims is mandatory.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the claims against the State of Indiana and its Department of Revenue for want of jurisdiction and the remaining claims for want of a case or controversy.