**Joe Nathan COOPER, Plaintiff,**

**v.**

**FRANCHISE TAX BOARD, STATE OF CALIFORNIA; City of Richmond, County of Contra Costa; Richmond Police Department; Does I–XX, Defendants.**

**No. C–86–4427 SAW.**

United States District Court, N.D. California.

Sept. 29, 1987.

Samuel C. McMorris, Oakland, Cal., for plaintiff.

Calvin J. Abe, Deputy Atty. Gen., San Francisco, Cal., A. Byrne Conley, Gibbons,

Lees, Schaefer & Edrington, Walnut Creek, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff moves for leave to file an amended complaint. Along with such motion, plaintiff submits his proposed second amended complaint.

■ An order dismissing the complaint and a final judgment dismissing the action have already been entered against plaintiff; therefore, an amendment may be made only by leave of the court. Wright & Miller, *Federal Practice and Procedure:* Civil § 1483 (1971). While this Court recognizes the liberal amending policy embodied in Federal Rule 15(a), Fed.R.Civ.P. 15(a), the Court is not required to allow futile amendments. *Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir.1984). Plaintiff's proposed amendments fail to cure the deficiencies in the complaint, so leave to amend is denied.

### I. *Factual Background*

On July 30, 1986, plaintiff filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. He alleges that the Franchise Tax Board improperly made a jeopardy assessment against him on the ground that he had unreported income from selling narcotics. Plaintiff also alleges that Richmond police, without probable cause or warrant, arrested him and seized his money on several occasions. He claims that these actions violated his constitutional rights to be secure against false arrest and unreasonable search and seizure, to have counsel of his choice, and to receive due process and equal protection of the law.

Defendants City of Richmond and Richmond Police Department moved to dismiss. This Court granted their motion and dismissed the complaint, finding that the stat-ute of limitations bars the claims of false arrest and unreasonable search and seizure and that the principle of comity prevents the Court from hearing the remaining claims, which relate to the jeopardy assessment.

Having had his complaint dismissed and his subsequent motion for leave to amend denied, plaintiff again moves for leave to amend.[1]

### II. *Statute of Limitations*

Plaintiff's claims against the City of Richmond and Richmond Police Department for false arrest and unlawful search and seizure were dismissed on statute of limitations grounds. Plaintiff's proposed amended complaint fails even to address this problem, and so as to those claims, leave to amend would be futile.

### III. *Jeopardy Assessment*

The Court's Order of June 2, 1987 dismissing the complaint as to defendant Franchise Tax Board stated in part:

The Supreme Court has held that the principle of comity prevents federal courts from hearing claims for injunctive, declaratory, or monetary relief from state tax collections, even if the collection allegedly is unconstitutional, as long as the state provides a plain, adequate and complete remedy. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100 [102 S.Ct. 177, 70 L.Ed.2d 271] (1981) (42 U.S.C. § 1983 suit to redress allegedly unconstitutional administration of a state tax system). Plaintiff asks the Court to declare that the jeopardy assessment is void and to order the defendants to pay plaintiff the money assessed plus interest. Therefore, he cannot bring his claims in federal court if the state provides an adequate remedy. The state provides an adequate remedy if all of plaintiff's constitutional claims can be reviewed by a state court. *Capitol Industries–EMI, Inc. v. Bennett*, 681 F.2d 1107, 1116–17 (9th Cir.), *cert. de-*

---

1. While no answer to the complaint has been filed, plaintiff's right to amend once as a matter of course under Rule 15(a) was extinguished by this Court in a previous order, based on the determination that allegations of additional facts could not possibly cure the deficiencies in the original complaint. Such disposition is proper according to *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986).

*nied,* 455 U.S. 943 [102 S.Ct. 1438, 71 L.Ed.2d 655], 459 U.S. 1087 [103 S.Ct. 570, 74 L.Ed.2d 932] (1982). In a tax claim involving similar state court review procedures, the Ninth Circuit held that California provides adequate procedures. *Id.* Moreover, plaintiff can bring a 42 U.S.C. § 1983 action in state court. *Logan v. Southern California Rapid Transit District,* 136 Cal.App.3d 116, 124, 185 Cal.Rptr. 878, 883 (Cal.Ct.App. 1982). Consequently, this Court cannot hear plaintiff's challenges to the jeopardy assessment.

Plaintiff again challenges the adequacy of state remedies in California. In his proposed amended complaint, plaintiff presents grounds for this contention not raised in his earlier motion for leave to amend. Each of these new grounds the Court considers and rejects in turn:

A. The California Constitution, Section 3.5, forbids administrative agencies, such as tax boards, from passing on constitutional questions, and therefore plaintiff cannot raise constitutional challenges to the jeopardy assessment. Plaintiff's Amendment to Complaint, ¶ 21(a), (b).

■ In *Capitol, supra,* the taxpayer presented the same challenge. The Ninth Circuit found that nothing in Art. 3, Section 3.5 prevents plaintiff from raising constitutional claims in judicial actions. Section 3.5 "merely restrains administrative agencies from refusing to enforce state statutes on constitutional grounds and from declaring state statutes unconstitutional. Therefore, constitutional challenges to tax assessments may be raised in the California courts." *Id.* at 1117 (citations omitted). That constitutional challenges cannot be raised in state administrative proceedings, then, does not render California's remedies inadequate, since those challenges may be raised in state court proceedings.

B. The state's requirement that plaintiff post a bond to delay finality of the jeopardy assessment or pay the assess-

ment as a basis for a claim for refund renders the state remedy inadequate or inefficient as to plaintiff since he could not afford to make such required payments. Plaintiff's Amendment to Complaint, ¶ 21(d).

Plaintiff's allegation as to the bond requirement to delay finality of a jeopardy assessment is incorrect. A bond is *not* required to delay finality of the jeopardy assessment; all that is required is the filing of a petition for review with the Franchise Tax Board. Cal.Rev. & Tax.Code § 18645(a) (West Supp.1987).[2]

■ With regard to California's prepayment requirement for state court challenges to tax assessments, the Ninth Circuit has held that such a requirement does *not* impair the efficiency of taxpayers' state remedies. In *Wood v. Sargeant,* 694 F.2d 1159 (9th Cir.1982), the court held that California's procedures were efficient even though taxpayers there alleged they could not raise the money to pay the assessment in order to challenge the assessment in state court. The *Wood* court reasoned that the general bar to federal suits in state taxation cases could not be lifted "to admit every impecunious or financially distressed taxpayer ..." *Id.* at 1161.[3]

C. Defendants' appropriating of plaintiff's funds made plaintiff unable to employ counsel to represent him at the administrative level. Plaintiff's Amendment to Complaint, ¶ 21(c).

■ Even if this presents a cognizable Constitutional challenge, plaintiff alleges no reason why this deprivation of counsel at the administrative level could not have been challenged in state court. The holding in *Capitol,* discussed *supra,* disposes of this issue.

D. There is no pending case in state court in which plaintiff may raise his constitutional challenges, and the filing of such a state action is now time barred.

---

**2.** Filing of a bond *is* required, however, to stay *collection* of the jeopardy assessment. Cal.Rev. & Tax.Code § 18643(b) (West 1983).

**3.** The *Wood* holding was explicitly reaffirmed in *Redding Ford v. California State Board of Equalization,* 722 F.2d 496 (9th Cir.1983), despite earlier dictum in *Capitol* questioning such a result. *Id.* at 1114 n. 20.

Plaintiff's Amendment to Complaint, ¶ 22.

Clearly plaintiff's failure to avail himself of plain, speedy, adequate state remedies cannot serve as a basis for challenging the adequacy of those remedies. *See Randall v. Franchise Tax Board,* 453 F.2d 381 (9th Cir.1981).

### IV. *Conclusion*

Plaintiff's proposed Amendment to Complaint fails to cure the defects in his prior complaints. The Court therefore denies leave to replead.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for leave to file amendment to complaint is DENIED.