NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KADVA PATIDAR 42 GAM SAMAJ, | No. 17-56771 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00902-PSG-SP |
| v. | |
| COUNTY OF RIVERSIDE, a municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 8, 2019**
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,*** Judge.

Kadva Patidar 42 Gam Samaj ("Samaj") appeals the district court's order

granting the County of Riverside's motion to dismiss with prejudice. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

de novo a district court's dismissal for lack of subject matter jurisdiction. *Jerron West, Inc. v. Cal. State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir. 1997). We review "for abuse of discretion the district court's denial of leave to amend." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We affirm.

The Tax Injunction Act ("TIA") precludes federal district court jurisdiction where, as here, a taxpayer seeks to enjoin state or local tax collection and that taxpayer has a "plain, speedy and efficient remedy" in state court.[1] 28 U.S.C. § 1341. The TIA's prohibition on federal court jurisdiction includes cases where the state or local tax is alleged to violate the federal constitution. *See Jerron West, Inc.*, 129 F.3d at 1336-37. California's administrative and judicial process for resolving tax claims meets the "plain, speedy and efficient remedy" requirement of the TIA, even though California requires taxpayers to pay first and then challenge the tax. *California v. Grace Brethren Church*, 457 U.S. 393, 416-17 (1982). Samaj's alleged "inability to pay the tax does not avoid the jurisdictional bar" of the TIA. *Wood v. Sargeant*, 694 F.2d 1159, 1160 (9th Cir. 1982). Further, the principle of comity has long prevented federal courts from rendering declaratory judgments or injunctions, or hearing a damages action brought under section 1983,

---

[1] Samaj's argument that the tax was a penalty or fee instead of a tax was not raised before the district court and was therefore waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

to redress an allegedly unconstitutional state tax system. *See Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 107 (1980).

Samaj claims that a tax assessed by Riverside County violated its First Amendment and Fourteenth Amendment rights under section 1983. This is precisely the type of case that "Congress wrote the [Tax Injunction] Act to address" because Samaj seeks a federal-court order enabling it to avoid paying local taxes. *Hibbs v. Winn*, 542 U.S. 88, 107 (2004). The district court correctly held that it did not have subject matter jurisdiction.

Because the district court correctly held that it lacked subject matter jurisdiction, any amendment of the complaint would have been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Therefore, the district court did not abuse its discretion by dismissing the complaint with prejudice.

**AFFIRMED.**