FILED

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



KADVA PATIDAR 42 GAM SAMAJ,

        Plaintiff-Appellant,

  v.

COUNTY OF RIVERSIDE, a municipal corporation,

        Defendant-Appellee.

No.   17-56771

D.C. No.
5:17-cv-00902-PSG-SP
Central District of California, Riverside

ORDER

Before:  PAEZ and CLIFTON, Circuit Judges, and KATZMANN,[*] Judge.

The memorandum filed on April 24, 2019, is withdrawn and replaced with the memorandum filed concurrently with this order.

With this new memorandum, the petition for panel rehearing is DENIED.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is DENIED. No further petitions for rehearing will be entertained.

---

[*]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KADVA PATIDAR 42 GAM SAMAJ, | No. 17-56771 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00902-PSG-SP |
| v. | |
| COUNTY OF RIVERSIDE, a municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 8, 2019**
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,*** Judge.

Kadva Patidar 42 Gam Samaj ("Samaj") appeals the district court's order

granting the County of Riverside's motion to dismiss with prejudice. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

de novo a district court's dismissal for lack of subject matter jurisdiction. *Jerron West, Inc. v. Cal. State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir. 1997). We review "for abuse of discretion the district court's denial of leave to amend." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

The Tax Injunction Act ("TIA") precludes federal district court jurisdiction where, as here, a taxpayer seeks to enjoin state or local tax collection and that taxpayer has a "plain, speedy and efficient remedy" in state court.[1] 28 U.S.C. § 1341. The TIA's prohibition on federal court jurisdiction includes cases where the state or local tax is alleged to violate the federal constitution. *See Jerron West, Inc.*, 129 F.3d at 1336–37. California's administrative and judicial process for resolving tax claims meets the "plain, speedy and efficient remedy" requirement of the TIA, even though California requires taxpayers to pay first and then challenge the tax. *California v. Grace Brethren Church*, 457 U.S. 393, 416–17 (1982). Samaj's alleged "inability to pay the tax does not avoid the jurisdictional bar" of the TIA. *Wood v. Sargeant*, 694 F.2d 1159, 1160 (9th Cir. 1982). Further, the principle of comity has long prevented federal courts from rendering declaratory judgments or injunctions, or hearing a damages action brought under section 1983, to redress an allegedly unconstitutional state tax system. *See Fair Assessment in*

---

[1] Samaj's argument that the tax was a penalty or fee instead of a tax was not raised before the district court and was therefore waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

*Real Estate Ass'n v. McNary*, 454 U.S. 100, 107 (1980).

Samaj contends that by stripping the district court of its ability to entertain First Amendment challenges to state taxes, the TIA amounts to a law prohibiting the free exercise of religion. We disagree. "Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies," for "[c]ourts created by statute can have no jurisdiction but such as the statute confers." *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 449 (1850); *see also Lockerty v. Phillips*, 319 U.S. 182, 187 (1943).[2] The Constitution does not obligate Congress to create a district court, much less vest it with jurisdiction to hear Samaj's claim. Although a more difficult question would be presented if Samaj were altogether precluded from suing to enjoin an allegedly unconstitutional tax, that is not the case here. The TIA only withdraws federal jurisdiction where the party has a "plain, speedy, and efficient remedy" under state law. Because we conclude the remedy under California law is adequate, Samaj may bring its claim in state court and ultimately to the Supreme Court.

Samaj claims that a tax assessed by Riverside County violated its First Amendment and Fourteenth Amendment rights under section 1983. This is precisely the type of case that "Congress wrote the [TIA] to address" because

---

[2] Moreover, implicit in the Supreme Court's pronouncement that the TIA prohibits First Amendment challenges to state taxes is a recognition that the TIA is constitutional. *See Grace Brethren Church*, 457 U.S. at 416–18.

Samaj seeks a federal-court order enabling it to avoid paying local taxes. *Hibbs v. Winn*, 542 U.S. 88, 107 (2004). The district court correctly held that it did not have subject matter jurisdiction.

Because a dismissal for lack of subject matter jurisdiction does not go to the merits of the case, it is without prejudice. *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990). Although the district court did not specify whether dismissal was with or without prejudice, we construe it to be without prejudice. Further, because the district court correctly held that it lacked subject matter jurisdiction, it did not abuse its discretion by denying Samaj leave to amend the complaint as any amendment would have been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**AFFIRMED.**