[S. F. No. 14843. In Bank.—January 16, 1934.]

In the Matter of the Estate of ANGELO FERARAZZA (an Incompetent Person). DEPARTMENT OF INSTITUTIONS OF THE STATE OF CALIFORNIA, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Guardian, etc., Respondent.

U. S. Webb, Attorney-General, and Seibert L. Sefton and William F. Cleary, Deputies Attorney-General, for Appellant.

George L. Lang for Respondent.

SHENK, J.—This appeal is from an order overruling objections to and settling the first annual account of the guardian of the incompetent.

The incompetent is a disabled veteran of the World War. He was committed to the Napa State Hospital for treatment on June 30, 1927, where he is now an inmate. At the date of his commitment he had no estate or means of support. Subsequently he became entitled to and received compensation and disability allowance pursuant to the provisions of the World War Veterans Act of 1924 (43 Stats. at Large, 607). On May 25, 1931, the respondent, Bank of America National Trust and Savings Association, became the duly appointed and qualified guardian of the incompetent's estate. At the time of the filing of its first annual account the guardian had received for the account of the incompetent veteran compensation and disability allowance in the sum of $965.70, and has continued to receive an allowance from the same source of $40 per month.

The Department of Institutions filed its claim against the estate of the incompetent for the sum of $1260, as the amount due to the department for the support and care of the incompetent at the Napa State Hospital at the rate of $20 a month from the date of his commitment to that institution. The court allowed and the guardian paid to the Department of Institutions the portion of the sum computed from the date of the appointment of the guardian. The court disallowed any portion of said claim accruing prior to the date of the appointment of the guardian. The Department of Institutions has appealed from that order.

Undoubtedly sections 2176 and 2181 of the Political Code permit a recovery from the veteran's estate for his care, treatment and support from and after the time he becomes possessed of an estate and means wherewith to satisfy claims therefor to the extent of the estate. Those sections, however, go no further and the question whether

the Department of Institutions may recover for past services depends on the construction to be given to federal and state statutes providing for exemptions of veterans' compensation and allowances from the claims of creditors.

The estate of the veteran Ferarazza consists exclusively of the allowances paid to him by the United States Government pursuant to the World War Veterans Act, *supra*. Section 22 of that act (sec. 454 of 38 U. S. C. A.) states: "The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation."

The appellant relies on cases from both state and federal jurisdictions which interpret the word "payable" appearing in that section, and which deal with the various exemptions listed in that section and similar federal statutes. The appellant seeks to apply the result in those cases to obtain a reversal of the order in the present case. The case upon which the appellant appears to rely most strongly is that of *State* v. *Board of Commissioners of Shawnee County*, 132 Kan. 233 [294 Pac. 915] (*certiorari* denied 283 U. S. 855 [51 Sup. Ct. 648, 75 L. Ed. 1462]). The language in the opinion of that case specifically relied upon appears on page 921 of the Pacific Reporter as follows: "We conclude that the intervention of a guardian does not leave the pension funds still in the hands of the government so that they are still 'payable' or 'due' the ward as expressed by 38 U. S. C. A., section 454, so as to exempt them from assignment, execution, and taxes, but, when paid to the guardian, the title and possession have both passed from the government, and they are no longer 'payable', and consequently not entitled to any exemption from taxes under section 454."

The court in that case, after reviewing several cases in which a contrary result was reached, also had the following to say: "It is pertinent and significant to observe the natural and proper leaning toward an interpretation which is in perfect harmony with the local legislation of each of three of the four states from which these strong decisions come."

 Cases in California do not appear to have answered the question involved. A proper conclusion cannot be reached, however, without due consideration being given to the provisions of the pertinent statutes of this state. Section 690 of the Code of Civil Procedure states: "The following property is exempt from execution or attachment . . . : 20. All money received by any person, a resident of the state, as a pension from the United States Government . . . whether the same shall be in the actual possession of such pensioner, or deposited, loaned or invested by him."

This section appears to fill the gap left open by the strict construction of section 22 of the World War Veterans Act relied upon by the appellant. No doubt is raised that the section, if otherwise applicable, covers the funds received from the United States Government in this case. The appellant, however, contends that said section 690 is inapplicable because no process of execution or garnishment is sought.

In the case of *In re Murphy's Committee,* 134 Misc. 683 [236 N. Y. Supp. 343], a statute of New York, section 667 of the Civil Practice Act, made an exemption of similar rewards or pensions "from levy and sale by virtue of an execution, and from seizure in any legal proceeding". In that case the Utica State Hospital and other claimants sought to have allowed as proper claims against the incompetent's estate, which estate consisted solely of payments made pursuant to the provisions of the World War Veterans Act, sums accrued for board, care and maintenance of the incompetent during the time both before and after the appointment of his committee. The Supreme Court of Oneida County held that the committee, under these statutes, could not legally pay the claims nor any part of them and made its order accordingly. On appeal to the Appellate Division of the Supreme Court, 227 App. Div. 839 [237 N. Y. Supp. 448], the order of the Supreme Court was modified by providing that the claims, only so far as they arose out of services rendered to the incompetent or materials furnished to him before the appointment of the committee, are not subject to payment, and modified the order so as to allow payment of claims accrued for services, etc., furnished since the date of the appointment of the committee. The contention of the appellant here was apparently not made in that case, and if it had been made as to a statute

similar to all intents and purposes to the statute in this state, it would doubtless not have affected the result. The purpose of such a statute is to prevent recovery in a court of law for the claims exempted thereby. Rules of construction need not be called upon to aid in arriving at a conclusion that in a case in which the exemption applies the court will not render an idle order or judgment.

The appellant relies on cases in New York in which a different result was reached when the question was whether similar funds were exempt from the payment of inheritance taxes. ██ But the principles applying to control the degree of liberality in construing tax exemption statutes are not necessarily applicable in cases involving statutes providing for exemptions from the claims of creditors (see *State* v. *Board of Commissioners of Shawnee County, supra*), and the cases relied upon are not conflicting or inconsistent with the Murphy case.

The appellant has cited no authority nor shown any sufficient reason why the application of the Code of Civil Procedure, section 690 (20), should not produce the same result in the present case as was finally reached in the two cases of *In re Murphy's Committee, supra*. The exemption in the Civil Practice Act of the state of New York is from "levy and sale by virtue of an execution and from seizure in any legal proceeding". There is therefore no ground for holding in the present case that the New York statute is broader than section 690, subdivision 20, of the Code of Civil Procedure, wherein the exemption is from execution and attachment.

We conclude that the court properly refused to allow any part of the appellant's claim accruing prior to the appointment of the guardian. No other point requires comment.

The order is affirmed.

Thompson, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.