Harold **RANDALL,** for himself and all others similarly situated, Appellant,

v.

**FRANCHISE TAX BOARD OF the STATE OF CALIFORNIA** et al., Appellees.

No. 25735.

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1971.

Thomas C. Sponsler, Jr., Long Beach, Cal. (argued), Boyd S. Lemon, Long Beach, Cal., Howard M. Van Elgort, San Pedro, Cal., for appellant.

Neal J. Gobar, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal. Atty. Gen., Ernest P. Goodman, Asst. Atty. Gen., Los Angeles, Cal., for appellees.

Before DUNIWAY and ELY, Circuit Judges, and CROCKER, District Judge.*

CROCKER, District Judge:

This is an appeal from a dismissal of the action in the district court on the grounds that a federal court cannot act where there exists a plain, speedy and efficient state remedy.

The pertinent facts are as follows: In April 1969, appellant, under penalty of perjury, filed a personal income tax return for 1968 indicating $90.00 due in state taxes. No payment was made. On two occasions the Franchise Tax Board (Board) notified appellant of the delinquency. The latter notice requested that he appear before the Board to arrange payment. Appellant did not respond to the notices.

In October 1969, the Board issued an order to withhold tax, pursuant to California Revenue and Taxation Code § 18807, upon appellant's employer who paid over appellant's entire wages of $29.48 for the week ending October 11, 1969.

Appellant filed this action on behalf of himself, and all persons similarly situated, for an injunction, contending that section 18807 is unconstitutional on its face and as applied to them in that it allows the taking of property without due process of law and violates the Equal Protection Clause as it discriminates against appellant and others in a similar situation.

The case before us is very similar to Aronoff v. Franchise Tax Board of State of California, 348 F.2d 9, 11 (9th Cir. 1965), wherein the court affirmed a dismissal on the grounds that the state refund procedure afforded a plain, speedy and efficient remedy. There the court stated:

"It has consistently been held, without a single instance of deviation, that the refund action provided by California Personal Income Tax Law is a 'plain, speedy and efficient remedy' such as to invoke the restraints of 28 U.S.C. § 1341. The Supreme Court opinion in Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932), was the first of a long series of cases to illumine the need, implicitly recognized in § 1341, for state independence in state fiscal matters."

In this case appellant did not file suit for a refund and did not avail himself of the state administrative remedies open to him. He ignored the delinquency notices mailed to him and did not keep a scheduled appointment with the Board to come in and discuss payment. The Board may have permitted payment in installments, thus relieving the hardship. We do not think Sniadach v. Family Finance Corp., 1969, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, upon which appellant relies, requires a different result. That case dealt with pre-judgment wage garnishment, levied without any notice to the debtor. The procedure here is more like post-judgment execution. Appellant had assessed his own liability and has never claimed that he does not owe the tax. Moreover, he was twice notified of his delinquency and never responded to either notice.

The dismissal by the district court is therefore affirmed.

* Honorable M. D. Crocker, United States District Judge, Fresno, California, sitting by designation.