[Civ. No. 11107. Fourth Dist., Div. One. Aug. 3, 1972.]

SHIRLEY GREENE, Plaintiff and Appellant, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

## COUNSEL

Richard Gross, Alphonse L. Pazos, Allen M. Gruber and Andrew J. Freeman for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Philip C. Griffin and Neal J. Gobar, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**AULT, J.**—Plaintiff taxpayer appeals from a judgment denying her claim of exemption filed under Code of Civil Procedure sections 690.6, 690.50 and 690.51. By the claim she sought the release of $72.44 in wages withheld by her employer and transmitted to the defendant Franchise Tax Board (Board) pursuant to its order issued under Revenue and Taxation Code section 18807 (now renumbered § 18817). All facts necessary to a determination of the claim were settled by a written stipulation.

### CONTENTIONS ON APPEAL

On appeal, plaintiff contends: (1) A taxpayer is entitled to the exemptions provided in Code of Civil Procedure section 690 et seq. where the state proceeds to collect delinquent income tax payments under Revenue and Taxation Code section 18807. (2) If construed to disallow such exemptions, section 18807 is void as violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### FACTS

Plaintiff Shirley Greene and her husband, John H. Greene, filed joint California income tax returns reporting, under penalty of perjury, a $39 tax due on account of their 1968 incomes ($9,653.27), and a $42 tax due on account of their 1969 income ($9,757). Both returns were filed without payment.

The Greenes lived together with their four minor children. Both were employed, Mr. Greene as a federal civil service worker at the North Island Naval Air Station, and Mrs. Greene as a maid at the Royal Inn in San Diego. Mr. Greene paid the rent from his income, and Mrs. Greene paid the other household expenses for the family from her wages. The stipulation reflects Mr. Greene earned over $7,600 in 1968 and Mrs. Greene earned $14.20 per day plus tips.

The Franchise Tax Board tried to collect the $81 in delinquent taxes from the Greenes. Mr. Greene's salary could not be reached because he was a federal employee. In late 1969, Mrs. Greene went to the Board office in San Diego and agreed to pay $13 each payday on the back taxes. Only one payment was made.

On March 8, 1971, pursuant to Revenue and Taxation Code section 18807,[1] the Board sent Mrs. Greene's employer an order to withhold and transmit her unpaid income tax in the amount of $72.44. When Mrs. Greene's attorney contacted the Board office he was advised of the Board's policy to withdraw the order to withhold and to permit installment payments if it was established full payment would create extreme hardship for the taxpayer. He was told Mrs. Greene's case would be given consideration if she would come to the office and fill out a financial statement. She did not do so and, instead, filed a claim of exemption in the superior court. On March 24, 1971, Mrs. Greene's employer transmitted the $72.44 withheld from her wages to the Board. This was applied to the Greene's tax liability and satisfied the delinquency in full.

## Discussion

Code of Civil Procedure section 690 provides that certain property, described and enumerated in sections 690.1 through 690.29, is exempt from execution or attachment when a claim for exemption is filed as provided in section 690.50. The exemption for earnings for personal services is found in section 690.6. The only section which makes the state of California subject to these exemptions is Code of Civil Procedure section 690.51 which, at the time in question, provided in pertinent part:

"In cases in which a warrant . . . is issued by the State of California, or a department or agency thereof, pursuant to . . . Section 6776, 7881, 9001, 10111, 18906, 26191, 30341 or 32365 of the Revenue and Taxation Code, for the collection of tax liability owed to the state, a department or agency thereof, the tax debtor shall be entitled to the exemptions provided in Sections 690.1 to 690.29, inclusive, and all the provisions of Section 690.50 shall be applicable to the assertion and determination thereof."

---

[1] The section read in relevant part: "The Franchise Tax Board may by notice, served personally or by registered mail, require any person . . . , having in their [his] possession, or under their [his] control, any credits or other personal property or other things of value, belonging to a taxpayer . . . . to withhold, from such credits . . . , the amount of any tax, interest or penalties due from the taxpayer . . . and to transmit the amount withheld to the Franchise Tax Board . . . ."

In the Revenue and Taxation Code, the Legislature has uniformly provided state taxing agencies with two separate and distinct procedures for the collection of unpaid, delinquent taxes: (1) The taxing agency may issue a warrant to a sheriff, constable, or marshal which has the same effect as a writ of execution. (2) The agency may issue a notice or order to withhold to any person, who has in his possession or control any credit or other property of value, belonging to the 'tax debtor, directing such person to withhold and transmit the credit or property to the taxing agency.

Code of Civil Procedure section 690.51, by its terms, refers only to the warrant sections in the Revenue and Taxation Code and not to the sections giving state tax collecting agencies the authority to use the order to withhold. Its effect is to give the tax debtor the benefit of the exemption statutes when the State pursues collection by way of warrant, but not when an order to withhold is used to collect the tax.

Despite the plain language of the Code of Civil Procedure section 690.51, Mrs. Greene asserts the exemptions still apply. Citing cases which hold the exemption statutes are deeply rooted in public policy and liberally construed (*Holmes* v. *Marshall,* 145 Cal. 777, 778-779 [79 P. 534]; *Perfection Paint Products* v. *Johnson,* 164 Cal.App.2d 739, 741 [330 P.2d 829]), she contends a tax debtor would be entitled to the benefit of the exemption statutes even if there were no express statute so providing. She views section 690.51 of the Code of Civil Procedure as merely procedural, arguing the omission of the withhold order sections from the statutes enumerated in the section has no substantive effect. She buttresses her position by reference to cases which hold the exemption statutes applicable to ordinary debts owed the state (hospital bills), in the absence of an express statute so providing. (*Estate of Ferarazza,* 219 Cal. 668, 672 [28 P.2d 670]; *Guardianship of Bayly,* 95 Cal.App.2d 174, 175 [212 P.2d 587].)

■ The liberal principles governing the construction of exemption statutes are not applicable to unpaid taxes (*Estate of Ferarazza, supra,* 219 Cal. 668, 672). The power to levy and collect taxes is a vital, essential attribute of government without which it could not function (*Watchtower B. & T. Soc.* v. *County of L. A.,* 30 Cal.2d 426, 429 [182 P.2d 178]). In exercising the power, the State acts in its sovereign, governmental capacity and is in no sense engaging in business (*Douglas Aircraft Co.* v. *County of L. A.,* 137 Cal.App.2d 803, 806 [291 P.2d 85]). Laws which tend to limit sovereignty are strictly construed in favor of the State. ■ "A statute will not be construed to impair or limit the sovereign power of the state to act in its governmental capacity and perform its governmental

functions in behalf of the public in general, *unless such intent clearly appears."* (Italics added.) (*People* v. *Centr-O-Mart,* 34 Cal.2d 702, 703-704 [214 P.2d 378].)

A statute which permits a delinquent taxpayer to exercise a claim of exemption, when the state acts to collect unpaid taxes, tends to limit and impair the power of the state to collect taxes, and must be strictly construed. Since Code of Civil Procedure section 690.51 makes the preceding exemptions applicable to warrant procedures, specifying the sections of the Revenue and Taxation Code providing for such procedures, and makes no reference to the equal number of statutes allowing the same taxes to be collected by the withholding procedure, the rules of statutory construction referred to above require the conclusion the omission was intentional.[2]

Mrs. Greene contends Revenue and Taxation Code section 18807, establishing the withholding procedure for delinquent personal income taxes, violates both procedural and substantive due process, because it authorizes the Board to collect the taxes without notice and without a hearing to establish that the amount claimed is due. She likens the seizure of her wages to satisfy her delinquent 1968 and 1969 income taxes to the prejudgment wage garnishment held to violate due process in *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]. (See also *McCallop* v. *Carberry,* 1 Cal.3d 903 [83 Cal.Rptr. 666, 464 P.2d 122]; *Cline* v. *Credit Bureau of Santa Clara Valley,* 1 Cal.3d 908 [83 Cal.Rptr. 669, 464 P.2d 125]; *Blair* v. *Pitchess,* 5 Cal.3d 258 [96 Cal. Rptr. 42, 486 P.2d 1242]; *Randone* v. *Appellate Department,* 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13].) Here, as distinguished from *Sniadach, McCallop, Cline, Blair* and *Randone,* we are dealing with an acknowledged tax debt, declared to be due by the taxpayer herself under penalty of perjury, not a private business obligation. In a very real sense, this tax was self-assessed. The requirements of due process are met when the debtor's tax liability is shown on the face of his own tax return, as well as when it has been established by an administrative or judicial pro-

---

[2]The California Law Revision Commission has likewise concluded the Legislature has effectively distinguished between the warrant and order to withhold procedures with respect to exemptions. In its 1971 *Recommendation* to the Governor and Legislature *relating to Attachment, Garnishment, and Exemptions from Execution,* the Commission points out that in contrast to the warrant procedure no exemptions are applicable to the funds or property required to be withheld under the notice to withhold statute (p. 721). While we agree with the Commission's recommendation for modification and change of both procedures in relation to the exemption statutes, such changes should be effected through legislative rather than court action.

ceeding at which he had notice and an opportunity to be heard. (See 1971 *Recommendation of the California Law Revision Commission, supra,* p. 721.) No hearing was required to establish the validity or the amount of the state's claim.

The order to withhold procedure provided for in Revenue and Taxation Code section 18807 has recently been upheld against the charge it violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by the United States Court of Appeals for the Ninth Circuit. In a case very similar to this one, the court stated:

"We do not think Sniadach v. Family Finance Corp., 1969, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, upon which appellant relies, requires a different result. That case dealt with pre-judgment wage garnishment, levied without any notice to the debtor. The procedure here is more like post-judgment execution. Appellant had assessed his own liability and has never claimed that he does not owe the tax. Moreover, he was twice notified of his delinquency and never responded to either notice." (*Randall* v. *Franchise Tax Board of State of California,* 453 F.2d 381, 382.)

Like the taxpayer in *Randall,* Mrs. Greene has never claimed she did not owe the tax. She was notified of the delinquency and given the opportunity to pay the tax in small installments. The procedures used by the Board to collect the unpaid tax did not violate due process.

In the stipulated statement of facts, the Board acknowledges it uses the order to withhold procedure set out in Revenue and Taxation Code section 18807, rather than the warrant procedure, to collect relatively small amounts of delinquent income tax. Since claims of exemption may be asserted against warrants, Mrs. Greene contends a holding they cannot be used under section 18807 would have the effect of creating "an invidious discrimination against the poor," in violation of the Equal Protection Clause.

The argument is directed to the Board's policy of using the withholding notice to collect small tax debts, not against the statute itself, which does not require its use in that manner. Moerover, it is based upon an incomplete and unfair statement of the Board's policy. The stipulation of facts also states the Board uses the withhold procedure to collect small tax debts to avoid the additional expense to the taxpayer which would be incurred if warrants were issued and levied by the sheriff. The stipulation further states: "It is the practice and procedure of the Franchise Tax Board that whenever the taxpayer appears . . . and establishes that col-

lection of the full amount owed or the full amount subject to the order to withhold would create extreme hardship, the Board will withdraw its order to withhold and allow the payments to be made in installments." This policy was specifically called to the attention of Mrs. Greene's attorney. Far from being invidious toward the poor, the stipulated facts show Board policy reflects a conscious contrary effort.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied August 18, 1972.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.