[Civ. No. 40797. Second Dist., Div. Four. Aug. 27, 1973.]

AMERICAN FIDELITY FIRE INSURANCE COMPANY,
Plaintiff, Cross-defendant and Appellant, v.
STATE BOARD OF EQUALIZATION,
Defendant, Cross-complainant and Respondent.

**52**

---

**COUNSEL**

Barry Bernstein and Kent Leeds Vallette for Plaintiff, Cross-defendant and Appellant.

Evelle J. Younger, Attorney General, and Philip C. Griffin, Deputy Attorney General, for Defendant, Cross-complainant and Respondent.

## OPINION

**JEFFERSON, J.**—Plaintiff American Fidelity Fire Insurance Company, a New York corporation, brought this purported class action, on behalf of itself and "all others similarly situated," against the State Board of Equalization for declaratory relief, for an accounting, and for the refund of certain sums paid to the State of California within four years preceding the filing of the complaint. The Board filed a cross-complaint against the plaintiff, alleging that plaintiff owed taxes to the Board. The parties proceeded to trial by the court after filing a joint statement of issues and a stipulation of facts. The trial court made findings of fact and conclusions of law, and gave judgment to the Board on the complaint and cross-complaint. Plaintiff has appealed.

The stipulated facts show: plaintiff is a duly licensed insurance company engaged in the insurance business in California; the Board of Equalization is the state agency charged with the administration of the California Sales and Use Tax Law (contained in the Rev. & Tax. Code, div. 2, pt. 1, §§ 6001, 7176) and local ordinances and enactments. Other facts mentioned herein also were established by stipulation. Plaintiff will sometimes be referred to herein as American Fidelity or the surety; the State Board of Equalization as the Board; and, unless otherwise specified, reference to code sections will refer to sections of the Revenue and Taxation Code.

This dispute centers around those sections of the Revenue and Taxation Code, and pursuant rules and regulations of the Board, which are applicable to the collection of delinquent sales and use taxes, including penalty assessments, owed to the state by retailers, persons required to pay sales and use taxes.[1] The California sales tax is an excise tax levied for the privilege of conducting a retail business in California. The sales tax is determined by the retailer's gross receipts from sales. The use tax is applicable to tangible personal property purchased for use in California. (See 43 Cal.Jur.2d, Sales and Use Taxes, §§ 8, 33, pp. 343, 382.) The Revenue and Taxation Code requires retailers to put up bonds to ensure the payment of sales and use taxes. Section 6701 specifically provides

---

[1]Plaintiff asserts, in its opening brief, that it is mounting an attack on 27 penalty provisions contained in the Revenue and Taxation Code; while there are provisions in the code for the payment of penalties in connection with the motor vehicle fuel license and use fuel taxes, and the alcoholic beverage tax, the suit before us concerns sales and use tax penalties.

that "The [B]oard, whenever it deems it necessary to insure compliance with this part [of the code], may require any person subject thereto, to place with it such security as the [B]oard may determine." The bonds required are written on a standard form acceptable to the state.

Plaintiff executes surety bonds in California guaranteeing the payment of use and sales taxes due from those persons primarily liable for the taxes, the retailers. It charges a premium for writing the bond.

Section 6484 provides that "If any part of the deficiency for which a deficiency determination is made [by the Board, when nonpayment occurs] is due to negligence or intentional disregard of this part or authorized rules and regulations, a penalty of 10 per cent of the amount of the determination shall be added thereto." Section 6485 provides for the assessment of a penalty of 25 percent, if fraud or an intent to evade by the taxpayer is found. Penalties in exact but varying percentages are provided for late prepayment (§§ 6476, 6477, 6478), late payment (§ 6591), failure to file a return (§ 6511) or fraudulent failure to file a return (§ 6514). Penalties may be avoided if the Board determines that a taxpayer's failure to make a timely return or payment is due to a reasonable cause and circumstances beyond the person's control, occurring notwithstanding the exercise of ordinary care and in the absence of willful neglect. (§ 6592.) The Board issues a 30-day delinquency notice to the taxpayer, and payments made prior to the expiration of that period are accepted without penalty. Notice and hearing requirements concerning determinations, delinquencies and penalties are set forth in sections 6561-6566.

Plaintiff American Fidelity executed a number of the bonds required by section 6701 before February 16, 1970. The bonds were identical in form, except that the particular circumstances of each bond (i.e., the principal, the amount, the date, the number and the premium) differed. Some of the principals defaulted in the payment of sales and use taxes. The surety paid the principal, interest and the penalties determined to be due on the bonds where default occurred but for some months prior to February 1970, refused to pay the penalty assessments on the bonds of defaulting taxpayers, on the ground that while it did owe the principal and interest on the bonds, the penalty assessments were unconstitutional. On February 16, 1970, American Fidelity filed a claim on behalf of itself and others similarly situated with the Board of Control (as provided in Gov. Code, § 905.2) against the State of California, for the refund of amounts it had paid as penalties on section 6701 bonds within the last year. On March 17, 1970, the Board of Control denied the claim. The present action was

filed March 24, 1970, plaintiff alleging that it was a class action, and setting forth six causes of action against the Board.

■ Since the facts established by the court's findings do not entitle plaintiff to prevail on any theory, it is unnecessary to pass upon various procedural issues argued in the briefs.

Plaintiff concedes that, pursuant to its contract with its principal, it is obligated absolutely to pay tax deficiencies incurred by its principal. It has no objection to payment of principal and interest; its objection is to the additional amounts that are assessed as penalties. Plaintiff contends, as to the penalties, that its right to due process of law is violated by a system which imposes liability for penalties upon the surety without advance notice to the surety. The plaintiff argues that if notice were given to the surety upon default, it could act to make payment of principal on behalf of the taxpayer within the 30-day grace period, and avoid the penalty.

Due process, as it has evolved with respect to taxes, has been described in the following terms: "It may be stated as a general rule that the due process clause of the federal Constitution is satisfied in matters of taxation if, at some stage before a tax becomes irrevocably fixed the *taxpayer* is given the right, of which he shall have notice, to contest the validity or amount of the tax before a board or tribunal provided for that purpose. [Citations.]" (*People* v. *Sonleitner,* 185 Cal.App.2d 350, 356 [8 Cal.Rptr. 528].) (Italics added.)

The Revenue and Taxation Code does provide for notice and hearing with respect to the taxpayer of sales and use taxes. (§§ 6561-6566.) It does not require that notice be given to the surety. It has been held that notice and hearing to the taxpayer is not constitutionally compelled when the tax is self-assessed, as are income and sales taxes. (*Greene* v. *Franchise Tax Bd.,* 27 Cal.App.3d 38, 43 [103 Cal.Rptr. 483].) Plaintiff under-takes, for a consideration which is a substantial percentage of the bond, to guarantee the payments due the state. In each case included in the factual stipulation, the amount of the bond written exceeded the total liability incurred by the taxpayer, including principal, interest and penalties. Thus, lack of notice did not result in the surety being required to pay more than it had originally obligated itself to pay. We agree with the trial court that there is no constitutional compulsion for the Board to give duplicate notice to the surety; its obligation is fulfilled by notice to the taxpayer of the delinquency.

Plaintiff further claims that notice to the surety is required by Civil

Code section 2808.[2] The trial court found that the surety could acquire information concerning the default, i.e., by requiring such from the principal, and Civil Code section 2808 did not apply to plaintiff's situation. We agree.

Plaintiff's next contention in support of its suit for refund is that the Board, by requiring plaintiff to pay penalties which it in turn collected from its principal, was engaging in a process characterized by the plaintiff as an unconstitutional delegation of police power to the private entity, the surety, by the state. Plaintiff cites no authority for this proposition, and we regard the argument as without merit. There is no delegation of police power inherent in a situation where a surety undertakes to pay tax delinquencies assessed by the taxing power against the principal.

Plaintiff further contends that the Board acts in violation of Civil Code section 2773 when it requires section 6701 bonds to be written so as to include the payment of penalty assessments in addition to principal and interest. Section 2773 provides that "An agreement to indemnify a person against an act thereafter to be done, is void, if the act be known by such person at the time of doing it to be unlawful." That section prohibits an agreement to indemnify the wrongdoer. The bonds issued by plaintiff are to indemnify the state. The wrongdoer remains liable to the bonding company for whatever the latter has been compelled to pay on his behalf. Section 2773 has no application here.

Plaintiff argues that the taxing system, imposing penalties, is unreasonable; serves no useful purpose, punishes the surety rather than the actual wrongdoer, the defaulting taxpayer; and compels the surety to participate in an illegal contract. We find no merit in these contentions. The bonding requirement is a reasonable method of securing payment of revenue to the state. So, too, are the penalty provisions, the major purpose of which is to insure payment of taxes to the state, rather than to punish individual taxpayers or their sureties, who are not compelled to write bonds but do so for remuneration. Consideration of prompt payment is usually present in the taxing situation when assurance is sought that revenue will be re-

---

[2]Civil Code section 2807 provides: "A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and *without demand or notice.*" (Italics added.)

Civil Code section 2808, upon which plaintiff relies, states: "Where one assumes liability as surety upon a conditional obligation, his liability is commensurate with that of the principal, and he is not entitled to notice of the default of the principal, unless he is unable, by the exercise of reasonable diligence, to acquire information of such default, and the creditor has actual notice thereof."

ceived in timely fashion from small business establishments, such as those whose bonds were the subject of this action by the plaintiff.

We conclude that the trial court correctly gave judgment to the Board on both plaintiff's complaint and upon the Board's cross-complaint.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 24, 1973.