[No. B097029. Second Dist., Div. Three. Feb. 26, 1997.]

GERSHON W. HEPNER et al., Plaintiffs and Appellants, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

## COUNSEL

Robert S. Gerstein for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Carol H. Rehm, Jr. and Herbert A. Levin, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**KLEIN, P. J.**—Plaintiffs and appellants Gershon W. Hepner (Hepner) and Linda Hepner (Mrs. Hepner) (collectively, the Hepners) appeal a judgment denying their petition for writ of mandate wherein they sought to overturn certain action taken by defendant and respondent Franchise Tax Board of the State of California (the Board).

The essential issue presented is whether, when the Board seeks to collect taxes by directing a notice to withhold to a person or entity in possession of monies owed to a taxpayer, the taxpayer may claim the exemptions available to a judgment debtor.

Because the statutory scheme does not provide for exemptions in such a situation, the trial court properly denied the petition. The judgment therefore is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*

Hepner prevailed against UNUM Life Insurance Company of America (UNUM) (not a party to this appeal) in an action for bad faith denial of disability insurance coverage. The judgment, filed January 19, 1994, awarded Hepner the sum of $295,980.85, plus interest, attorney fees and costs.[1]

On January 13, 1994, the Board issued an "Order to Withhold Personal Income Tax" to UNUM.[2] The withholding order stated the Hepners owed $363,427.21 for the years 1986 through 1988, and directed UNUM to deduct the amount of tax owed by the Hepners from any payments due them. A copy of the withholding order was furnished to the Hepners.

On April 18, 1994, the Hepners' marriage was dissolved.

On June 3, 1994, UNUM filed a complaint in interpleader in the United States District Court, alleging that while the bad faith judgment on its face was payable to Hepner, UNUM had received adverse claims to the judgment from the Board and others.

On September 20, 1994, pursuant to stipulation, the federal court directed UNUM to disburse $219,097.06 of the interpled funds to the Board, and $100,171.88 to Hepner's trial attorney in the bad faith action.

On November 21, 1994, Hepner sent a claim of exemption under Code of Civil Procedure section 688.030, subdivision (a)(1), to the Board.[3] In a supporting declaration, Hepner asserted the entire judgment was exempt

---

[1] That judgment was affirmed on appeal and is now final. (Evid. Code, §§ 452, subd. (d), 459.)

[2] Revenue and Taxation Code section 18670 provides the Board may, by notice, require persons "having in their possession, or under their control, any credits or other personal property . . . belonging to a taxpayer . . . to withhold . . . the amount of any tax, interest, or penalties due from the taxpayer . . . and to transmit the amount withheld to the . . . Board . . . ." Any "employer or person failing to withhold the amount due from any taxpayer and to transmit the same to the . . . Board after service of a notice pursuant to Section 18670 . . . is liable for those amounts." (Rev. & Tax. Code, § 18672.)

[3] Code of Civil Procedure section 688.030, in a chapter pertaining to enforcement of state tax liability, states in relevant part: "(a) Whenever pursuant to any provision of the . . . Revenue and Taxation Code . . . property is levied upon *pursuant to a warrant or notice of levy* issued by the state . . . : [¶] (1) If the debtor is a natural person, *the debtor is entitled to the same exemptions to which a judgment debtor is entitled.*" (Italics added.)

All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

property because it represented an award for disability payments as well as compensation for the mental anguish he suffered as a result of UNUM's tortious conduct, and therefore those moneys were exempt pursuant to sections 704.130 and 704.140, respectively.[4]

On December 12, 1994, Mrs. Hepner filed her claim of exemption. According to her supporting declaration, the judgment was community property, and was exempt for the same reasons urged by Hepner.[5]

With respect to Hepner's claim, on December 1, 1994, the Board advised Hepner his claim of exemption had been denied on the ground sections 704.130 and 704.140 do not apply to orders to withhold under Revenue and Taxation Code section 18670.

On December 5, 1994, Hepner's attorney wrote to the Board, stating the "Board has no power to deny a claim of exemption." The letter further asserted a judgment creditor opposing a claim of exemption is required to file a notice of opposition and a motion for an order determining the claim within 10 days of service of the notice of claim of exemption. Therefore, according to counsel, the Board was required to file a motion in the superior court concerning the exemption, or to release the exempt property to Hepner.

The Board did not file a motion and did not release the exempt property.

On March 30, 1995, the Hepners filed the instant petition for writ of mandate, requesting the superior court to issue a writ directing the Board to file its notice of opposition and motion to determine claim within 10 days, or to release the amount of the judgment to petitioners forthwith.

The Board opposed the petition, arguing the exemptions from procedures for enforcing money judgments against particular types of property and the procedures for litigating such exemptions do not apply to the Board's orders to withhold personal income tax.

2. *Trial court's ruling.*

The matter was heard and taken under submission on July 12, 1995. The trial court denied the Hepners' petition, pursuant to an extensive minute order, which stated, inter alia:

---

[4]Section 704.130 provides an exemption for benefits from a disability or health insurance policy. Section 704.140 exempts an award of damages arising out of personal injury to the extent necessary for the support of the judgment debtor, spouse and dependents.

[5]According to appellants, Mrs. Hepner never received a response from the Board concerning her claim of exemption.

The procedures of section 703.550, requiring a creditor opposing a claim of exemption to file a notice of opposition and a motion for an order determining the claim in the superior court within 10 days, do not apply to the Board's orders to withhold personal income tax. The procedures of section 703.550 only apply to property which is levied upon pursuant to a warrant or a notice of levy. "Petitioner incorrectly contends that the Notice to Withhold used by [the Board] is identical to a notice of levy in every respect but name and that § 688.030 expanded the statute to include property taken under a Notice to Withhold. [¶] The court follows the law set out in *Greene* v. *Franchise Tax Bd.* (1972) 27 Cal.App.3d 38, 41-43 [103 Cal.Rptr. 483]. The exemptions from procedures for enforcing money judgments against particular types of property and the procedures for litigating such exemptions do not apply to the Board's orders to withhold personal income tax. . . . [¶] Although the relevant statutory section at the time was § 690.51, current § 680.030 does not expand the scope of exemptions which fall under [§] 703.550 to apply to the notice to withhold in this case. The law is clear that in adopting legislation, the Legislature is presumed to have knowledge of existing case law and to have enacted and amended statutes in light of such decisions as having a direct bearing on them. . . . The Legislature was not unaware of the law set out in the *Greene* decision. [¶] . . . [¶] . . . In the present case, notice to withhold is not used in § 688.030. [¶] That Notice to Withhold is used in § 688.050 (which refers to the creation of a tax lien) does not incorporate the language Notice of Withhold into § 688.030. If anything, the language in the other section of the statute weakens the petitioner's case. When the Legislature has carefully employed a term in one place and excluded it in another, it should not be applied where excluded. . . ."

The Hepners filed a timely appeal from the judgment denying their petition.[6]

## CONTENTIONS

 The Hepners contend: Taxpayers have a right to claim exemption from collection for back income taxes no matter what method is used to collect the tax; section 688.030 was intended to allow claims of exemption from the collection of back taxes without regard to the method of collection; the statute must be read to allow the right to claim exemptions in this case to avoid doubts about its constitutionality; the trial court erred in holding section 688.030 inapplicable; and if this court does order the writ to be

[6]The judgment denying the petition for writ of mandate is appealable. (§§ 904.1, subd. (a)(1), 1110; *United States Steel Corp.* v. *Franchise Tax Board* (1983) 144 Cal.App.3d 473, 475 [192 Cal.Rptr. 677]; 9 Witkin, Summary of Cal. Law (9th ed. 1985) Appeal, § 70, p. 94.)

issued, it should provide guidance to the superior court with respect to the merits of the exemption claims.

## DISCUSSION

1. *Overview of statutory scheme and the Hepners' argument.*

Section 688.030, which is the focus of the Hepners' petition, is found within a chapter pertaining to enforcement of state tax liability and states in relevant part: "(a) Whenever pursuant to any provision of the . . . Revenue and Taxation Code . . . , property is levied upon *pursuant to a warrant or notice of levy* issued by the state or by a department or agency of the state for the collection of a liability: [¶] (1) If the debtor is a natural person, *the debtor is entitled to the same exemptions to which a judgment debtor is entitled.*" (Italics added.) However, section 688.030 does not, on its face, address property levied upon pursuant to a notice to withhold and transmit, as was the case here.

It is section 688.050, within the same chapter, which contains the "notice to withhold" language. Section 688.050 states in relevant part: "For the purpose of applying Section 694.080, 703.050, or 703.100,[7] the date of creation of a tax lien is the earliest of the following times: [¶] (a) The time when notice of state tax lien is recorded or filed . . . . [¶] (b) The time when the property is levied upon pursuant to a warrant or notice of levy or *notice to withhold* issued by the state or by a department or agency of the state." (Italics added.)

The Hepners would read into section 688.030 the "notice to withhold" language found in section 688.050. They aver a notice to withhold is the equivalent of a notice of levy. They argue that pursuant to section 688.030, a taxpayer whose property is being subjected to a notice to withhold may invoke the full range of exemptions available to a judgment debtor. They further contend that because they are entitled to make a claim of exemption, the procedures of section 703.550 for claiming exemption are applicable.

Section 703.550 provides that "[w]ithin 10 days after service of the notice of claim of exemption, a judgment creditor who opposes the claim of exemption shall file with the court a notice of opposition to the claim of exemption and a notice of motion for an order determining the claim of exemption and shall file with the levying officer a copy of the notice of opposition and a copy of the notice of motion. . . . If copies of the notice of opposition and notice of motion are not filed with the levying officer

---

[7]Those sections deal with the determination of exempt property.

within the time allowed, the levying officer shall immediately release the property to the extent it is claimed to be exempt."

As explained below, the Hepners' position is without merit. Section 688.030 does not contain the words "notice to withhold," either expressly or by implication. The legislative history clearly demonstrates the Legislature deliberately chose not to extend the exemptions statutes to a tax debtor when enforcement is being pursued by way of a notice to withhold.

2. *In adopting section 688.030, the Legislature adhered to existing law, which did not permit a tax debtor to claim exemptions when enforcement was by way of a notice to withhold.*

a. *Principles of statutory interpretation.*

In approaching the issue, we are mindful "[t]he fundamental task of statutory construction is to 'ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]' " (*People* v. *Cruz* (1996) 13 Cal.4th 764, 774-775 [55 Cal.Rptr.2d 117, 919 P.2d 731].) In " 'determining the intent of a statutory enactment it is important to consider the state of the law as it existed prior to the enactment of the provision at issue.' [Citation.]" (*Resure, Inc.* v. *Superior Court* (1996) 42 Cal.App.4th 156, 164 [49 Cal.Rptr.2d 354].)

To ascertain the intent of the Legislature, we trace the evolution of the instant statute.

b. *Former section 690.51.*

Section 688.030 was enacted in 1982. Its predecessor, former section 690.51, stated in relevant part: "*In cases in which a warrant is issued* by the State of California, or a department or agency thereof, . . . for the collection of tax liability owed to the state, a department or agency thereof, the tax debtor shall be entitled to the exemptions provided in Sections 690.1 to 690.29, inclusive, . . ." (Stats. 1970, ch. 1523, § 51, p. 3077, italics added; amended by Stats. 1971, ch. 873, § 2, p. 1715; Stats. 1977, ch. 305, § 5, p. 1221.)

Like the current statute, former section 690.51 did not contain the words "notice to withhold."

c. *Case law interpreted former section 690.51 as not authorizing a claim of exemption when enforcement was pursuant to a notice to withhold.*

*Greene* v. *Franchise Tax Bd.* (1972) 27 Cal.App.3d 38 [103 Cal.Rptr. 483], involved a claim of exemption pursuant to former section 690.51. The

Board sent the taxpayer's employer an order to withhold and transmit her unpaid income tax in the amount of $72.44. The taxpayer filed a claim of exemption in the superior court. The trial court denied the taxpayer's claim. (27 Cal.App.3d at pp. 40-41.)

The reviewing court affirmed, holding that when the state pursued collection by way of an order to withhold, the delinquent taxpayer was not entitled to exercise a claim of exemption under former section 690.51. (*Greene* v. *Franchise Tax Bd.*, *supra*, 27 Cal.App.3d at p. 42.)

*Greene* explained: "In the Revenue and Taxation Code, the Legislature has uniformly provided state taxing agencies with two separate and distinct procedures for the collection of unpaid, delinquent taxes: (1) The taxing agency may issue a warrant to a sheriff, constable or marshal which has the same effect as a writ of execution. (2) The agency may issue a notice or order to withhold to any person, who has in his possession or control any credit or other property of value, belonging to the tax debtor, directing such person to withhold and transmit the credit or property to the taxing agency. [¶] . . . [S]ection 690.51, by its terms, refers only to the warrant sections in the Revenue and Taxation Code and not to the sections giving state tax collecting agencies the authority to use the order to withhold. Its effect is to give the tax debtor the benefit of the exemption statutes when the State pursues collection by way of warrant, but not when an order to withhold is used to collect the tax." (*Greene* v. *Franchise Tax Bd.*, *supra*, 27 Cal.App.3d at p. 42.)

*Greene* rejected the taxpayer's argument that despite the plain language of section 690.51, the exemption statutes should be liberally construed in furtherance of public policy. (*Greene* v. *Franchise Tax Bd.*, *supra*, 27 Cal.App.3d at p. 42.) *Greene* stated: "A statute which permits a delinquent taxpayer to exercise a claim of exemption, when the state acts to collect unpaid taxes, tends to limit and impair the power of the state to collect taxes, and must be strictly construed. Since . . . section 690.51 makes the preceding exemptions applicable to warrant procedures, specifying the sections of the Revenue and Taxation Code providing for such procedures, and makes no reference to the equal number of statutes allowing the same taxes to be collected by the withholding procedure, the rules of statutory construction . . . require the conclusion the omission was intentional. [Fn. omitted.]" (*Id.*, at p. 43.)

*Greene* further observed: "The California Law Revision Commission has likewise concluded the Legislature has effectively distinguished between the warrant and order to withhold procedures with respect to exemptions. In its

1971 *Recommendation* to the Governor and Legislature *relating to Attachment, Garnishment, and Exemptions from Execution*, the Commission points out that in contrast to the warrant procedure no exemptions are applicable to the funds or property required to be withheld under the notice to withhold statute (p. 721). While we agree with the Commission's recommendation for modification and change of both procedures in relation to the exemption statutes, such changes should be effected through legislative rather than court action." (*Greene* v. *Franchise Tax Bd., supra*, 27 Cal.App.3d at p. 43, fn. 2.)

 d. *Former section 690.51 was not amended after Greene to include notices to withhold.*

In 1971, the Legislature added "notice of levy" to former section 690.51. As a result, the statute came to provide for exemptions "[i]n cases in which a warrant *or notice of levy* is issued . . . ." (Stats. 1971, ch. 873, § 2, p. 1715, italics added.) In 1977, the Legislature amended former section 690.51 in other respects not relevant here. (Stats. 1977, ch. 305, § 5, p. 1221.)

However, at no time was the former statute amended to provide for exemptions where enforcement was by way of a "notice to withhold."

 e. *In 1980 the California Law Revision Commission (the Commission) recognized section 690.51 did not provide for claim of exemption where collection is by notice to withhold and it did not propose any change in that regard.*

In 1980, the Commission issued its proposal for a new Enforcement of Judgments Law. (Tent. Recommendation Proposing the Enforcement of Judgments Law (Oct. 1980) 15 Cal. Law Revision Com. Rep. (1980) p. 2001 et seq.) With respect to enforcement of state tax liability, the Commission observed: "In addition to tax enforcement by warrant or notice of levy, existing law permits enforcement in a number of situations by giving notice to withhold or notice of delinquency to any person who has personal property of or owes a debt to the tax debtor. [Fn. omitted.] *There are no provisions permitting the tax debtor to claim exemptions when enforcement is by a notice to withhold or notice of delinquency. The Commission does not recommend that exemptions be extended to apply to a notice to withhold or notice of delinquency at the present time.* The Commission may study this question and may make a recommendation in the future." (*Id.,* at p. 2150, italics added.)

The Commission's 1980 report included a proposed new section 688.030 to supersede section 690.51. (Tent. Recommendation Proposing the Enforcement of Judgments Law (Oct. 1980) 15 Cal. Law Revision Com. Rep.,

*supra*, at pp. 2231-2232.) Consistent with the Commission's recommendation, the proposed statute did not provide for making a claim of exemption where enforcement of state tax liability is by way of a notice to withhold. (*Ibid.*)

 f. *The Legislature adopted the Commission's recommendation, which did not propose any change in existing law in this regard.*

In 1982, the Legislature adopted section 680.030, which superseded former section 690.51. The new statute provides: "(a) Whenever pursuant to any provision of the . . . Revenue and Taxation Code . . . property is levied upon *pursuant to a warrant or notice of levy . . . the debtor is entitled to the same exemptions to which a judgment debtor is entitled.*" (§ 688.030, italics added.)

A comparison of the Commission's proposal and the statute as enacted by the Legislature discloses the Legislature enacted current section 688.030 in essentially the form proposed by the Commission. (15 Cal. Law Revision Com. Rep., *supra*, at pp. 2231-2232; Stats. 1982, ch. 1364, § 2, pp. 5086-5087.) As discussed, the Commission expressly declined to suggest any change from section 690.51 to section 688.030 with respect to the unavailability of exemptions when enforcement is by way of a notice to withhold. (15 Cal. Law Revision Com. Rep., *supra*, at p. 2150.)

Thus, it is readily apparent that in adopting the Commission's proposed section 688.030, the Legislature was aware it was not expanding the law to permit a tax debtor to claim exemptions when enforcement is via a notice to withhold.

 g. *Recognition by the Commission that the new law does not provide for a tax debtor to claim exemptions when enforcement is by way of a notice to withhold.*

Finally, in 1982 the Commission revisited this issue following the enactment of the new Enforcement of Judgments Law. (1982 Creditors' Remedies Legislation (Sept. 1982) 16 Cal. Law Revision Com. Rep. (1982) 1001, 1003, 1152-1154.) With respect to enforcement of state tax liability, the Commission reiterated that "existing law permits enforcement in a number of situations by giving a notice to withhold or notice of delinquency to any person who has personal property of or owes a debt to the tax debtor. [Fn. omitted.] *There are no provisions permitting the tax debtor to claim exemptions when enforcement is by a notice to withhold or notice of delinquency. The Commission does not recommend that exemptions be extended to apply to*

*a notice to withhold or notice of delinquency at the present time."* (*Id.,* at pp. 1153-1154, italics added.)

> h. *Legislative history establishes section 688.030 was not intended to authorize a claim of exemption when enforcement is by way of a notice to withhold.*

As discussed, in 1972 *Greene* construed former section 690.51 as not providing a tax debtor the benefit of the exemptions statutes when enforcement was by way of an order to withhold. (*Greene* v. *Franchise Tax Bd., supra,* 27 Cal.App.3d at p. 42.) The Legislature is presumed to have been aware of that judicial interpretation when it enacted the successor statute, section 688.030. (*Anderson* v. *I. M. Jameson Corp.* (1936) 7 Cal.2d 60, 67 [59 P.2d 962]; *People* v. *Cruz, supra,* 13 Cal.4th at p. 775.)

Moreover, at the time section 688.030 was under consideration, the Legislature had the benefit of the Commission's analysis and recommendation. Said recommendation advised the Legislature that existing law did not provide for a claim of exemption when the tax was being collected pursuant to a notice to withhold. (15 Cal. Law Revision Com. Rep., *supra,* at p. 2150.) Further, the Commission expressly avoided proposing any change in that regard. (*Ibid.*) The Legislature adopted the Commission's proposal with respect to section 688.030 without making any changes relevant here. (15 Cal. Law Revision Com. Rep., *supra,* at pp. 2231-2232; Stats. 1982, ch. 1364, § 2, pp. 5086-5087.)

Thus, the legislative history of section 688.030 abundantly manifests the Legislature's intent to adhere to existing law, which precluded a tax debtor from claiming exemptions when the tax was being sought pursuant to a notice to withhold.

Accordingly, the trial court properly denied the Hepners' petition.

3. *Constitutional issues not reached.*

The Hepners further contend section 688.030 must be read to allow claims of exemption from the collection of back taxes without regard to the method of collection in order to avoid doubts about the statute's constitutionality. According to the Hepners, the Board's interpretation of section 688.030 violates equal protection because it arbitrarily denies the right to claim exemptions where taxes are being collected by means of a notice to withhold, as opposed to other means. The Hepners also assert that to make the right to claim exemptions depend upon the Board's discretionary choice of

the method it uses to collect a tax would be an unconstitutional delegation of legislative authority. The arguments are unavailing.

Our Supreme Court recently reiterated the fundamental and longstanding principle of judicial restraint that " 'we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us.' " (*Santa Clara County Local Transportation Authority* v. *Guardino* (1995) 11 Cal.4th 220, 230 [45 Cal.Rptr.2d 207, 902 P.2d 225].)

Here, the Hepners did not raise any of these constitutional issues below and do not explain why they are being raised for the first time on appeal.

■ Points not raised in the trial court will not be considered on appeal. (*Dimmick* v. *Dimmick* (1962) 58 Cal.2d 417, 422 [24 Cal.Rptr. 856, 374 P.2d 824].) "Even a constitutional right must be raised at the trial level to preserve the issue on appeal [citation]." (*In re Marriage of Fuller* (1985) 163 Cal.App.3d 1070, 1076 [210 Cal.Rptr. 73].) In civil cases, constitutional questions not raised in the trial court are considered waived. (*In re Marriage of S.* (1985) 171 Cal.App.3d 738, 745 [217 Cal.Rptr. 561].)

Due to the Hepners' failure to raise their constitutional challenges in the trial court, it is unnecessary to address their constitutional arguments to dispose of the matter before us.

### Disposition

The judgment is affirmed. The Board to recover costs on appeal.

Croskey, J., and Aldrich, J., concurred.

A petition for a rehearing was denied March 20, 1997.