Filed 4/17/13  Carter v. Francisco CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JOHN R. CARTER et al., | |
| Plaintiffs and Respondents, | G047234 |
| v. | (Super. Ct. No. 30-2012-00563015) |
| RENIERO FRANCISCO et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Kirk Nakamura, Judge.  Affirmed.

Alavi & Broyles, Samuel G. Broyles, Jr., and Max Alavi, for Defendants and Appellants Reniero Franciso, Cynthia Francisco, and Bendisyon, Inc.

Law Offices of Frank N. Masino, Frank N. Masino, for Defendants and Appellants Abdul Sultan Walji, Arista LLC, and Calpension, Inc.

Law Offices of Thomas E. Francis and Thomas E. Francis for Plaintiffs and Respondents.

\*        \*        \*

This is an appeal from an order denying arbitration. The appellants are defendants Abdul Sultan Walji, individually and as trustee of the Stone Lamm Trust, Arista LLC, Calpension, Inc., Reniero Francisco, Cynthia Francisco and Bendisyon, Inc. Other defendants, who did not join in the appeal, are LPL Financial Corporation, Milagros Investments, LLC, and Investment Resource Partners, Inc. The respondents are plaintiffs John R. Carter and Carmen Carter. We affirm the court's denial of the motions to compel arbitration under Code of Civil Procedure section 1281.2, subdivision (c).

## STATE OF THE RECORD

At the outset, we take note of problems with the record. We have a clerk's transcript (two volumes) and a supplemental clerk's transcript (three volumes). Although they contain mostly the same documents, different page numbers pertain to different documents. Furthermore, the page numbering on both sets of transcripts is confusing to say the least. The pages of each transcript initially contain a printed page number. In the clerk's transcript, starting with printed page number 101, the printed numbers are blocked out and replaced with a different handwritten number through printed page number 276, creating duplicate page numbers within the same transcript. In the supplemental clerk's transcript the substitute paging starts on printed page number 105, and continues through printed page number 283. On some of these pages we can decipher the printed number; on many more, we cannot. When page numbers are given in the briefs, it is unclear which of these page numbers are intended.

The subject of this appeal, the motion to compel arbitration, together with its supporting documents covers over 200 pages; we did not find a table of contents. Although we attempted to make sense of the record, it is not our responsibility to plow through several hundred pages of material to try and find support for appellants' contentions. A fundamental principle of appellate law is the judgment or order of the

2

lower court is presumed correct and the appellant must affirmatively show error by an adequate record. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.) This includes a requirement that each factual allegation be supported by a reference to the exact page where such a fact may be found. (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 166-167.) Should we have overlooked a document in our analysis, the appellants failure to provide us with specific page references is to blame.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sued the appellants and the non-appealing defendants purporting to assert some 13 causes of action. The complaint alleges various relationships between the numerous defendants. The gist of the 29-page complaint is that plaintiffs invested funds on the recommendation of some of the defendants and that they lost in excess of $1 million as a result of the misdeeds of some of the defendants. Other defendants are alleged to be liable to plaintiffs because of their relationships with the defendants with whom plaintiffs dealt directly.

Appellants Reniero Francisco and Cynthia Francisco filed a motion "to compel arbitration and to stay proceedings pending completion of arbitration proceedings." Appellant Bendisyon, Inc. filed a "notice of joinder . . . in the notice of motion . . . by Reniero Francisco and Cynthia Francisco to compel arbitration . . . ." There is no indication in the record supplied that any other defendants, including appellants Walji, Arista LLC, or Calpension, Inc., joined in the motion; yet these latter three defendants are also appealing the denial of the motion. Moving parties apparently relied on an arbitration clause contained in a 38-page document entitled "Arista, LLC Operating Agreement." Although the document was attached to the motion, we did not find any declaration authenticating it. The exhibit consisting of this document bears the

3

typewritten name "Abdul S. Walji, President" but is unsigned. "Calpension, Inc." is typed above his name. The notice of motion states that "defendant Francisco" (without specifying which of the two Franciscos) is a principal of Arista LLC. But no evidence was presented to support this contention. Separate documents bear the signature of plaintiffs. But there is no declaration indicating that these documents pertain to the very document containing the arbitration clause.

Walji's opening brief states that he is the "managing member" of Arista LLC. But the record reference for this statement is "SCT 10:5-10," which we interpret as supplemental clerk's transcript, page 10, lines five to ten. But printed page 10 of the supplemental clerk's transcript is a page from the register of actions and handwritten page 10 of the same transcript, bears no line numbers and is a page from the Arista LLC subscription agreement; we fail to see any reference to Walji on this page either.

DISCUSSION

As far as we are able to ascertain, the arbitration clause is located in an unsigned document that identifies Abdul S. Walji as president of Arista LLC. The only declarations we could locate in support of the motion to compel arbitration are the declaration of Cynthia Francisco and the declaration of one of the lawyers, Samuel G. Broyles. The Francisco declaration merely states that she and her husband, Reniero Francisco, are members of Arista LLC. The Broyles's declaration merely makes the conclusionary statement that "the claims alleged in the complaint are subject to the arbitration provisions of the Arista LLC Operating Agreement."

With respect to other defendants, the motion seems to be based on relationships between the parties as alleged in the complaint. But, because the parties apparently have not filed a responsive pleading (at least none is contained in the record), we cannot determine whether these allegations are contested or not. Even if they are not

4

contested, the mere fact some of the appellants were "members" of Arista LLC would not compel the conclusion they are *parties* to the document containing the arbitration clause that is contained in the record. We also note some, but not all defendants sought to compel arbitration. During oral argument on the motion to compel arbitration, counsel for the Franciscos acknowledged that not all the defendants were parties to the arbitration agreement. The Walji appellants acknowledge in their brief "the Carters had no contact or agreement with either Calpension, Inc. or the Stone Lamm Trust."

And the Franciscos and Bendisyon, Inc. defendants implicitly acknowledge in their brief that another defendant, LPL Financial Corporation is not subject to the arbitration clause. They state plaintiffs "can proceed on a separate track regarding any duty LPL Financial may have had to the[m], and if such duty was found to have been breached, the remainder of the claims related to the claimed actions of Reniero Francisco can be separated and tried after the arbitration of the Carter claims against the Appellants."

The court expressed concern about the same case having to be tried twice if the motion was granted. And the minute order indicates it denied the motion "under CCP § 1281.2(c)." Code of Civil Procedure section 1281.2 provides the authority for the court to order arbitration to parties to an arbitration agreement unless an exception applies. But subdivision (c) creates such an exception where "[a] party to the arbitration agreement is also a party to a pending court action . . . with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." This is the situation that prevails here. (See *Lindemann v. Hume* (2012) 204 Cal.App.4th 556, 566.) The appellants' contention arbitration could be had first, followed by a trial against the parties who are not subject to the arbitration agreement cannot be denied. But the mere fact such a resolution is possible does not demonstrate the trial court abused its discretion in rejecting the employment of that procedure here.

5

Appellants Walji, Arista LLC, and Calpension, Inc. also base their argument on the Federal Arbitration Act.  They did not make this argument in the trial court, and thus waived it. "When a party does not raise an argument at trial, he may not do so on appeal."  (*People v. Clark* (1993) 5 Cal.4th 950, 988, fn. 13, disapproved on other grounds as stated in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22) "Points not raised in the trial court will not be considered on appeal."  (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486.)  The mere fact these appellants cited some United States Supreme Court cases in their points and authorities does not establish the issue of applicability of the Federal Arbitration Act was properly argued in the trial court.  Even if we were to conclude these appellants timely raised the issue in the trial court, no evidence was presented to support a claim that the parties engaged in interstate commerce or were otherwise subject to federal arbitration law.

Walji's argument based on equitable estoppel is also partially supported by references to federal law, not applicable here.  As to state law, for its equitable estoppel argument, the Walji appellants rely largely on language contained in *Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209.  But that case makes it clear "[e]quitable estoppel applies 'when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory.'"  (*Id*. at p. 218)  There is no showing plaintiffs "must rely" on the terms of the Arista LLC document to establish their case against defendants who bore no relationship to that document.  In fact, the record is devoid of any evidence supporting such a contention.

There also is an argument that there is a related case, *Roode, et al. v. Arista LLC*, where arbitration had been ordered.  But nothing in the record supports this assertion other than a "notice of related case."

6

DISPOSITION

The order denying arbitration is affirmed.  Respondents shall recover their costs on appeal.


                                        RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.