Filed 1/19/21  P. v. Guerrero CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302306 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA060354) |
| v. | |
| GINA GUERRERO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael Terrell, Judge.  Dismissed.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Gina Guerrero (appellant) appeals from the trial court's order denying her petition to strike a firearm enhancement that was imposed pursuant to a judgment that became final long before the petition was filed. The order is not appealable and we dismiss the appeal.

## FACTS

Over a decade ago, appellant pleaded no contest to one count of second degree robbery (Pen. Code, § 211; count 7),[1] two counts of attempted second degree robbery (§§ 664/211; counts 8 and 9), and one count of possession of a firearm by a felon with a prior (former § 12021, subd. (a)(1); count 14). She admitted section 12022.53, subdivision (b) firearm allegations and section 186.22, subdivision (b)(1) gang allegations.

On November 20, 2009, the trial court sentenced appellant to 38 years in state prison based on the following consecutive sentences: as to count 7, the upper term of five years plus 10 years for the firearm enhancement and 10 years for the gang enhancement; as to counts 8 and 9, eight months each plus three years four months for the firearm enhancement and one year eight months for the gang enhancement; and as to count 14, eight months plus one year for the gang enhancement. The remaining charges were dismissed.

Effective January 1, 2018, Senate Bill No. 620 (SB 620) amended sections 12022.5 and 12022.53 to permit trial courts to strike firearm enhancements. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 343; §§ 12022.5 & 12022.53.) In August 2019, appellant filed a petition asking the trial court to recall her sentence and resentence her under section 1170, subdivision (d).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Appellant acknowledged that her case was final, "which disqualifie[d] her from obtaining direct relief via [SB] 620." She argued, however, that when the trial court recalled her sentence under section 1170, subdivision (d), it would be permitted to strike the firearm enhancements under SB 620 when issuing a new sentence.

The trial court denied the petition. The written order explained that "[i]n general, the [trial] court's ability to modify or recall a sentence [pursuant to section 1170, subdivision (d)] is limited to the 120-day period following the imposition of sentence. . . . As such, the [trial] court lacks jurisdiction to grant the request appellant seeks. Second, even if the [trial] court had jurisdiction to consider defendant's petition[,] and even if SB 620 applied to [appellant's] situation, it would not make the sentencing enhancement[s] illegal. At most, it only gives the [trial] court discretion to not apply the enhancement[s]. In [appellant's] case, the record provides no basis for not imposing the enhancement[s]." The order also stated: "[Appellant's] conviction and sentence arose from a plea of no contest, and the claims defendant now raises in this petition are challenges to an agreed-upon disposition. As such, they have been waived by virtue of her plea and there is no basis to excuse this waiver. . . . [Appellant] has received the benefit of her bargain and may not thereafter trifle with the courts by attempting to better her bargain."

This appeal followed.

## DISCUSSION

An order made after judgment is appealable only if it affects a defendant's substantial rights. (§ 1237, subd. (b).) If the trial court lacked jurisdiction to grant the relief requested by

appellant, then its order denying her petition did not affect her substantial rights within the meaning of section 1237, subdivision (b).  (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*).)

Generally, once a judgment is rendered, "'the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the provisions of section[s] 1170, subdivision (d)[,]'" 1170.18 and 1170.126.  (*Hernandez, supra*, 34 Cal.App.5th at p. 326.)  The parts of section 1170, subdivision (d) that appellant relied upon below "allow[] a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison.  [Citation.]  Indeed, 'the court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment.  [Citations.]" [Citation.]' [Citation.]" (*Hernandez, supra*, 34 Cal.App.5th at p. 326.)  Regardless of the limitations noted above, a trial court may correct an unauthorized sentence at any time.  (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1519.)  A sentence is unauthorized if it ""'could not lawfully be imposed under any circumstances in the particular case.'"'" (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

Here, appellant did not file her petition within 120 days of being sentenced.  The only potential basis for the trial court to exercise jurisdiction was to correct an unauthorized sentence.  This leads her to contend that the trial court had jurisdiction to modify the judgment because SB 620 rendered her sentence unauthorized and an unauthorized sentence can be modified at any time.  But appellant's petition was based on section 1170, subdivision (d) and SB 620, not on the theory that her sentence

4

was illegal.  Points not raised in the trial court will not be considered on appeal.  (*Hepner v. Franchise Tax Bd*. (1997) 52 Cal.App.4th 1475, 1486.)

To be complete, we reject appellant's contention.

Appellant suggests that her 2009 sentence became unauthorized in 2018 by operation of law once SB 620 became effective on the theory that it invalidated her plea bargain.  This argument fails.  She cites no law establishing that SB 620 invalidates plea bargains or that, in general, statutory changes to sentencing schemes have that effect.

Next, appellant argues that applying SB 620 prospectively but not retroactively is a violation of the equal protection clauses of the California and federal constitutions.  (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7.)

This argument was properly rejected in *Hernandez*. (*Hernandez, supra*, 34 Cal.App.5th at pp. 326–327.)  Equal protection principles "prohibit [a] state from arbitrarily discriminating among persons subject to its jurisdiction, and require that classifications between those to whom the state accords and withholds substantial benefits must be reasonably related to a legitimate public purpose.  [Citations.]" (*In re Kapperman* (1974) 11 Cal.3d 542, 545.)  A state has a legitimate interest in proscribing the retroactive application of new sentencing schemes.  It avoids manipulations by defendants seeking to delay finality and benefit from future changes in the law.  It permits penal laws to maintain their desired deterrent effect.  Beyond these purposes, there are legitimate practical concerns "associated with the transition from one sentencing scheme to another[.]" (*People v. Floyd* (2003) 31 Cal.4th 179, 191.)  For instance, a state may want to avoid resentencing

numerous defendants.  (*Ibid*.)  Accordingly, the "'14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.'  [Citation.]"  (*Ibid*.)  As further noted in *Baker v. Superior* Court (1984) 35 Cal.3d 663, 668–669, "'A refusal to apply a statute retroactively does not violate the Fourteenth Amendment.'  [Citation.]"

All other issues are moot.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT


6