Filed 9/25/24  Ricardo P. v. Hernandez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RICARDO P., | |
| Plaintiff and Respondent, | G062014 |
| v. | (Super. Ct. No. 30-2022-01279508) |
| CRISTIAN MICHEL HERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Sandy N. Leal, Judge. Affirmed.

Cristian Michel Hernandez, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The trial court issued civil harassment restraining orders against Cristian Michel Hernandez under Code of Civil Procedure section 527.6. The court also denied Hernandez's petitions for such restraining orders and later denied reconsideration. Hernandez challenges the denial of reconsideration on various grounds. However, he presents an inadequate record on appeal and fails to establish any error. Accordingly, we affirm the court's order denying reconsideration.

## FACTS

Hernandez filed petitions for civil harassment restraining orders against his neighbor Ricardo P. He has not included those petitions in the appellate record. In September 2022, Ricardo filed his own petition for a civil harassment restraining order against Hernandez. He alleged that Hernandez had repeatedly harassed him and his family, yelling at them and insulting them without provocation.

Later that month, the trial court held a hearing on the parties' petitions. Hernandez testified and presented certain videos. Ricardo's daughter also testified. After the hearing, the court found that Hernandez was not credible, granted Ricardo's petition for a restraining order, and denied Hernandez's petitions. Hernandez has not provided the reporter's transcript or any other record of the oral proceeding; nor has he included the court's restraining orders in the record. Hernandez moved for reconsideration, but the court denied his motion following a hearing. Hernandez appealed from the denial of reconsideration.

## DISCUSSION

Hernandez's opening brief is rambling and hard to follow, but as far as we can tell, he argues: (1) the trial court had no personal jurisdiction over him for purposes of Ricardo's petition because Ricardo provided no proof

of service; (2) the evidence did not support the court's grant of Ricardo's petition or its denial of Hernandez's petitions; (3) the court improperly prevented Hernandez from presenting evidence; (4) the court displayed bias against Hernandez; and (5) the court violated his constitutional right to bear arms by barring him from possessing firearms.[1] Hernandez fails to establish any error.

Initially, Hernandez made a general appearance at the hearing on Ricardo's petition—the trial court's minute order makes no mention of any assertion by Hernandez of improper service. This cured any failure of service. (Code Civ. Proc., § 410.50 ["A general appearance by a party is equivalent to personal service of summons on such party"].)

Hernandez's remaining contentions are doomed from the start for failure to provide a record of the oral proceedings in the trial court. A judgment is presumed correct, and the appellant bears the burden of providing an adequate record that affirmatively proves error. (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.) If no record of oral proceedings is provided and no error is apparent on the face of the record, an appellate court will conclusively presume that the evidence supported the trial court's findings. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) We see no error on the face of the record. Nothing in the record shows the court improperly limited Hernandez's presentation of evidence or displayed bias against him. We cannot assess the sufficiency of the evidence presented at the hearing. And Hernandez's claim regarding his right to bear

---

[1] Although the record does not expressly show that the trial court prohibited Hernandez from possessing firearms, Code of Civil Procedure section 527.6, subdivision (u)(1) applies that prohibition to every person subject to a civil harassment restraining order.

3

arms is forfeited because the record does not show whether he objected on that ground in the trial court. (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486 [constitutional claims forfeited if not raised in trial court].) Accordingly, Hernandez has established no error.

## DISPOSITION

The trial court's order denying reconsideration is affirmed. No costs are awarded.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.

4